LOUIS W. BEER and WILLIAM REIMANN, as Executors of the Estate of HERMAN L. BEER, v. CHARLES E. MARTEL, Appellant.—55 S. W. (2d) 482.

Division One, December 31, 1932.

54

*Fred H. Blades* and *Allen, Moser & Marsalek* for appellant.

*Buder & Buder* and *G. A. Buder, Jr.,* for respondents.

FRANK, P. J.—This suit was brought by Herman L. Beer to recover damages for alleged personal injuries. Beer died before the case was tried in the circuit court and the cause was revived in the name of respondents as executors of his estate. The trial resulted in a verdict for defendant. On motion of plaintiffs the verdict was set aside and a new trial granted. Defendant appealed.

The verdict was rendered at the February Term, 1929. At the same term and within four days after the verdict, plaintiff's motion for new trial was filed. At the following October Term, 1929, plaintiff's motion for new trial was sustained on the fifteenth ground thereof which reads as follows:

"Because the court erred in permitting the defendant's attorney, in his argument to the jury, over the objection of plaintiffs' counsel

to make statements of fact outside of the record and not based upon the evidence.''

During the term at which a verdict is rendered, circuit courts have inherent power to set the verdict aside independent of the filing of a statutory motion for new trial, and independent of the grounds alleged in such a motion where one is filed. But where, as in this case, a statutory motion for new trial was filed but not acted upon during the term at which the verdict was rendered, the court, at a succeeding term, had no authority or discretion to set the verdict aside and grant a new trial except upon a ground or grounds alleged in the motion. [Gray v. Missouri Lumber & Mining Co., 177 S. W. 595, 596; Sutton v. Anderson, 326 Mo. 304, 322, 31 S. W. (2d) 1026.] In determining the propriety of the court's action in granting a new trial in this case, we will confine ourselves to the grounds alleged in the motion for new trial.

In our view of this case we should determine: (1) whether or not defendant's counsel made an improper argument to the jury, and (2) if the argument was improper, does it come within the fifteenth ground of the motion for new trial which the court specified as the reason for granting the new trial.

The argument in controversy is preserved in the record as follows:

''Mr. Blades: . . . here they want to get you to give a judgment to a Mr. Beer in New York.

''Mr. Buder: We object to that, if the court please, being improper argument. The court ruled out whatever testimony this counsel sought to elicit along that line.

''The Court: Objection overruled.

''Mr. Buder: Note my exception.

''Mr. Blades: Mr. Beer, another one of the men who will profit by this transaction, who is a big business man, has his own place, and a third brother-in-law married to the sister of the two brothers, who is vice-president, I believe, if I understood him right, of a South Side bank, and wanting to collect for pain and suffering of the old man in his grave now. If that old man was here, I wouldn't say that, because he might have a call upon you men for something, but why should they collect for something that happened to the old man?

''Mr. Buder: If your Honor please, I object to that; that is contrary to the instructions of the court to the jury.

''The Court: The jury in its deliberations will follow the instructions of the court. You gentlemen are to form your judgment in this matter solely and only from the evidence given by the witnesses on the stand and the instructions given by the court.

''Mr. Blades: And that instruction tells you that under the law you are permitted to give these heirs of this estate money for that,

but my argument to you is not that it is not true that technically by the law they could get it, but that they are not entitled to it. This man who suffered might have been entitled to it, but I say that Mr. Beer sitting over there is not entitled to collect for any suffering that his father had. . . ."

This argument presents the case to the jury as though the heirs of deceased were the plaintiffs in the case and were demanding something to which they had no right. The facts are that the heirs are not parties to suit. In event plaintiff should recover a judgment, the amount recovered would go to deceased's estate and not to his heirs. The condition of deceased's estate was not shown, and no showing was made that the heirs would profit by any judgment which might be recovered in favor of the executors of deceased's estate. Herman L. Beers, the original plaintiff, died subsequent to the institution of the suit. As his death was not caused by the negligence of defendant, but resulted from natural causes, the cause of action survived to his personal representatives who are entitled to enforce the same rights and recover the same damages which deceased might have recovered had he lived. [Sec. 3280, R. S. 1929; Longan v. Kansas City Ry. Co., 299 Mo. 561, 253 S. W. 758, 761.]

In this character of a case, who the heirs were, where they lived, and their occupation and position in life was entirely foreign to any issue in the case. It was improper, misleading and prejudicial to parade before the jury the fact that deceased's heirs, who were not parties to the suit, were big business people and that an effort was being made to get the jury to give them a judgment because of their father's injury and his consequent pain and suffering. Such an argument was wholly beside the issues in the case and was calculated to mislead and prejudice the jury against plaintiffs. Otherwise stated, the law will not permit counsel in his argument to the jury to make a defense which the pleadings and evidence do not justify.

██ The substance of the first objection made to counsel's argument was that it was outside of the record and improper. This objection was overruled and an exception was saved. Appellant contends that the argument was not outside of the record because evidence was introduced, without objection, showing who the heirs were, where they lived and the business in which they were engaged. Conceding that these facts concerning the heirs are in the record without objection, just as appellant contends, that did not justify counsel in making the argument which he did make. Counsel may properly comment on any fact in the record so long as such comment has a legitimate bearing on any issue in the case, but counsel may not make an unfair, misleading and prejudicial argument on immaterial facts which happen to get into the record without objection, and justify the argument on the ground that the facts about which he argued were in the record.

60

■ Having reached the conclusion that counsel's argument was improper, misleading and prejudicial, we will next determine the contention of appellant that the court was not warranted in granting a new trial on the fifteenth ground of the motion, namely, "Because the court erred in permitting the defendant's attorney, in his argument to the jury, over the objection of plaintiffs' counsel, to make statements of fact outside of the record and not based upon the evidence."

Trial courts have a wide discretion in passing upon motions for new trial. "It has been repeatedly and uniformly held that the trial court is given a very wide discretion in passing upon motions for a new trial, which, when exercised, will not be interfered with by appellate courts, unless it be made to appear either that the reason assigned by the court for its holding was in direct conflict with established rules of law or that the action of the court was the result of judicial indiscretion." [Primmer v. American Car & Foundry Co., 299 S. W. 825, 827.] In view of the wide discretion accorded trial courts in passing upon motions for new trial, the ground upon which the trial court granted a new trial in this case should be given a broad and liberal construction. ■ The new trial was granted on the specified ground that counsel in his argument to the jury made statements of fact outside of the record and not based upon the evidence. No one could read the ground upon which the new trial was granted without concluding that it was granted because of counsel's argument to the jury. It cannot be assumed that a new trial would have been granted because of counsel's argument to the jury unless the court had concluded that the argument was prejudicial. While the order granting the new trial does not expressly state that the new trial was granted because the court had concluded that counsel's argument was prejudicial, that much is implied from the language of the order. A reasonable construction of the grounds upon which the new trial was granted is that the court concluded counsel's argument to the jury was prejudicial *for the reason that he made statements of fact outside of the record and not based upon the evidence.* If the trial court was right in granting a new trial on the ground that counsel's argument was prejudicial the court's reason for concluding that the argument was prejudicial is wholly immaterial.

■ The second objection to counsel's argument was made on the ground that it was contrary to the instructions of the court. This objection was, in effect, sustained and plaintiffs requested no further action on the part of the court. We agree with appellant that the record does not preserve this objection for review. But where, as in this case, the trial court granted a new trial because of a prejudicial argument, its action in so doing, if correct, will be affirmed

even though no objections were made or exceptions saved to such argument.

It is settled law that circuit courts have inherent power, during the term at which a verdict is rendered to set such verdict aside and grant a new trial for errors committed during the trial, although no objections were made or exceptions saved. This is so because the entire proceedings remain in the breast of the court during the term at which the verdict was rendered. ■ Where, as in this case, a motion for new trial was timely filed at the trial term but not acted upon at that term, all matters contained in the motion were preserved in the breast of the court, and the court had the same power regarding such matters as it had at the trial term. Otherwise stated, the authority of the court to grant a new trial at a term subsequent to the trial term is as broad and comprehensive as at the trial term, except that at the subsequent term, matters over which such power may be exercised are limited to the grounds contained in the motion. [Arnold v. Arnold, 222 S. W. 996, 1000, 1001; Riddlesbarger et al. v. McDaniel, 38 Mo. 139; Givens v. Van Studdiford, 86 Mo. 149, 154; Walter v. Scofield, 167 Mo. 537, 67 S. W. 276.] In the case at bar the motion for new trial was timely filed at the trial term. The complaint in this motion regarding the argument of defendant's counsel kept that matter in the breast of the court until the motion was acted upon. The continuance of the motion to a subsequent term carried the case over and clothed the court with the same authority and discretion it had at the trial term to grant a new trial for any of the causes alleged in the motion. This being true, the court, at the subsequent term, had authority to grant a new trial because of counsel's improper argument, even if no objection at all had been made thereto, because the court had such power at the trial term, and that power was preserved in the breast of the court and carried over to the subsequent term by the motion. A trial court "has the right, in the proper exercise of its discretionary power, to grant a new trial on account of any erroneous ruling, whether excepted to or not." [Noren v. American School of Osteopathy, 2 S. W. (2d) 215, 218.] But where it is sought to convict the trial court of error in refusing to grant a new trial, appellate courts will not review the propriety of the court's action in refusing to grant the new trial, unless proper and timely objections were made to the matter complained of, and an exception saved to the alleged erroneous ruling at the time it was made. [Richter v. Railroad, 145 Mo. App. 11, 129 S. W. 1055; Noren v. American School of Osteopathy, supra.]

It is contended that the verdict was for the right party and for that reason it should be reinstated.

■ The controverted issue as to defendant's liability was whether or not defendant's automobile struck deceased. Plaintiffs offered

substantial evidence tending to show that it did, while defendant offered substantial evidence tending to show the contrary. Considering the square conflict in the evidence with the argument of defendant's counsel which was calculated to prejudice and mislead the jury, we cannot say that the verdict was for the right party or that the jury would have reached the verdict which it did reach but for such argument, especially so, since the trial court in the exercise of that broad discretion which the law accords it in granting new trials, found otherwise.

For the reasons stated, the action of the trial court in granting a new trial should be affirmed. It is so ordered. All concur.