PITZMAN'S COMPANY OF SURVEYORS & ENGINEERS, a Corporation, v. BIXBY & SMITH, INC., R. F. BIXBY and J. C. SMITH, Defendants, R. F. BIXBY, Appellant.—93 S. W. (2d) 920.

Division One, April 23, 1936.

*Nagel, Kirby, Orrick & Shepley, Ethan A. H. Shepley* and *Dwight D. Ingamells* for appellant.

*Jones, Hocker, Gladney & Jones* and *Frank Y. Gladney* for respondent.

1080

BRADLEY, C.—Action on a promissory note and interest thereon. Plaintiff dismissed as to defendant J. C. Smith. A trial to a jury resulted in a verdict in 'favor of plaintiff for $25,429.34 as to the corporate defendant Bixby & Smith, Inc., and against plaintiff as to defendant, R. F. Bixby. Plaintiff's motion for new trial as to defendant R. F. Bixby was sustained and he appealed from the order granting plaintiff a new trial.

Defendants, J. C. Smith and R. F. Bixby, were stockholders in the corporate defendant, Bixby & Smith, Inc., and endorsed the note sued on by writing their names on the back thereof. No answer was filed for any defendant except R. F. Bixby, and he, in his answer, admitted endorsing the note.

Hereinafter, when we use the term defendant alone, we have reference to defendant, R. F. Bixby. Defendant's evidence tended to show that he endorsed the note several months after its execution by the corporate defendant and after its delivery to plaintiff, while plaintiff's evidence tended to show that defendant endorsed the note at the time of its execution by the corporate defendant and before delivery to plaintiff. The cause was submitted by each party, that is, by plaintiff and R. F. Bixby, under their respective theories.

Plaintiff alleged that defendant endorsed the note "before delivery" and in his original answer defendant admitted that he endorsed the note "as stated therein," that is, before delivery. At the trial defendant amended his answer by striking out the words "as stated therein," which left only an admission of having endorsed the note. Defendant's separate answer, after the amendment, was an admission that he endorsed the note, a general denial of other allegations and "that said note was endorsed by said defendant wholly without consideration, and the same is not, and never was, binding

upon said defendant, in the hands of plaintiff.'' It will be observed that defendant did not specifically plead the defense submitted to the jury. Plaintiff brings up the original answer of defendant in an additional abstract, wherein it appears that the amendment to the answer was made over the objection and exception of plaintiff. Defendant challenges the correctness of the additional abstract as to plaintiff's objection and exception to the amendment. In this situation, we called for the bill of exceptions which was sent, and it fails to show anything about the amendment, except in the motion for a new trial, all of which appears in the abstract.

The trial court granted a new trial on the second, third and tenth grounds set up in the motion. These, in effect, are: (2) that the verdict was the direct result of surprising plaintiff and depriving it of any opportunity to meet the concealed defense; (3) that the court erred in permitting the amendment to the separate answer of defendant; and (10) that one of defendant's witnesses committed perjury.

Plaintiff contends that by the amendment of his answer defendant was enabled to get to the jury a defense of which plaintiff had no knowledge or intimation until disclosed by the evidence of defendant and his witness, but, as shown, plaintiff made no objection to the amendment at the time, and did not complain at the time on the ground of surprise or otherwise when the real defense was disclosed by the evidence, and did not ask that the submission be set aside and for time to meet the defense disclosed, hence, plaintiff is in no position to complain about the amendment or that it was taken by surprise. [Christensen v. Prewett (Mo. App.), 11 S. W. (2d) 1112, and cases there cited.]

Should the trial court's action granting the new trial on the ground that defendant's witness committed perjury be sustained? Section 1002, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1002, p. 1264), provides, among other things, that a new trial shall be granted if ''the court is satisfied that perjury or mistake has been committed by a witness,'' and the court may ''discover perjury either from what occurred at the trial or from newly discovered evidence brought to its attention in the motion'' for a new trial. [Neal v. Kansas City Rys. Co. (Mo.), 229 S. W. 215.] It is the duty of a trial court to grant a new trial when satisfied that perjury or mistake has been committed by a witness, and that such resulted in an improper verdict. [Scott v. St. Joseph Ry., Light, Heat & Power Co., 168 Mo. App. 527, 153 S. W. 1058.]

It does not appear just how the trial court arrived at the conclusion that defendant's witness committed perjury, but the inference is that such conclusion was based on the affidavits and exhibits accompanying plaintiff's motion for a new trial. We do not deem

it necessary to go into these. It is sufficient, we think, to say that the affidavits and exhibits support the court's conclusion, so far as concerns the granting of a new trial.

The order granting a new trial to plaintiff should be affirmed and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.