Rose Donati, Appellant, v. Louis J. Gualdoni, Louis J. Gualdoni, Executor of the Purported Last Will and Testament of Angelina Gualdoni, Deceased, James Gualdoni, Tony Gualdoni, Henry Gualdoni, Lena Borroni, Joseph Gualdoni, and Louise Vineyard, Respondents.—No. 40769.—216 S. W. (2d) 519.

Division One, December 13, 1948.

Rehearing Denied, January 7, 1949.

*Milton F. Napier* for appellant.

*Robert N. Jones* for respondents.

[520] VAN OSDOL, C.—Action to contest the will of Angelina Gualdoni, who died January 31, 1946. The purported will bequeathed several legacies, and devised real estate situate in St. Louis. Testatrix was survived by eight children of whom Rose Donati, a daughter, is plaintiff herein; and defendants are the seven other children of testatrix, and the executor. The sole issue of contest was the alleged forgery of the signature of testatrix. A jury found for plaintiff-contestant, declaring the paper writing not to be the will of testatrix, and judgment went for plaintiff on the verdict. The trial court sustained defendants' motion for a new trial, specifying Ground No. 10 of the motion as the ground for granting a new trial. Plaintiff has appealed.

Ground No. 10 of the motion for a new trial stated the "judgment of the Court was influenced by the false testimony given by one of plaintiff's witnesses."

Plaintiff-appellant contends the unverified and unsupported statement, quoted supra, of the specified Ground No. 10 is not a ground for a new trial in this State, and does not justify a disturbance of the verdict which was supported by substantial evidence—the issue of forgery *vel non* having been submitted to the jury upon substantial but conflicting evidence, the veracity of the witnesses was solely for the jury—and especially was this true, says plaintiff-appellant, since a *falsus in uno falsus in omnibus* instruction was given. It is urged the trial court in sustaining the motion on the specified ground erroneously set aside the jury's verdict and imposed the court's own view of the evidence.

The trial judge prepared and filed a "Memorandum" in which he mentioned the (expert) witness whose testimony was considered false; gave the judge's views relating to the reliability of the testimony of experts; and discussed and weighed the conflicting evidence introduced upon the issue of forgery. It seems the trial judge was thus explaining his reasons for believing the witness testified falsely. The memorandum does not appear in the transcript of the record certified to this court on appeal.

The defendants-respondents, after the service of their brief, moved this court for an order correcting the transcript of the record so as to include the memorandum [521] or, in the alternative, asked this court on its own motion to send for the memorandum and consider it in reviewing the case on this appeal. Absent consent of the parties, the motion to correct the transcript of the record was too late. Rule No. 1.03, Rules of the Supreme Court of Missouri. Although this court in its discretion may, on its own motion, require the clerk of the trial court to send up a complete transcript or any portion thereof or any original documents or exhibits pertaining to the cause (Supreme Court Rule No. 1.03, supra; Whealen v. St. Louis Soft Ball Ass'n., 356

Mo. 622, 202 S. W. 2d 891), we do not deem it essential to the review of the instant appeal that we should have resort to the memorandum in question. We will consider the record entry as the sole repository of the recital of the specification of ground upon which the trial court sustained the motion. [See Ponyard v. Drexel, Mo. App., 205 S. W. 2d 267, and Stark v. St. Louis Public Service Co., Mo. App., 211 S. W. 2d 500, for observations relating to the limited use of a trial judge's written memorandum, or oral statement, accompanying the trial court's required action in specifying (Sections 115 and 119, Civil Code of Missouri, Mo. R. S. A. §§ 847.115 and 847.119) of record the ground or grounds for granting a new trial.]

The evidence introduced by plaintiff and defendants upon the sole issue of forgery was voluminous and in sharp conflict. Evidence, testimony of the subscribing witnesses and of lay and expert witnesses, introduced by defendants, was substantial in tending to prove the purported signature was the genuine signature of testatrix; and there was substantial evidence, testimony of lay and expert witnesses, introduced by plaintiff, tending to show the signature was a forgery. In this case, an action to contest a will, the jury's verdict on such conflicting evidence was final, save and except for the exercise of the right or power of the trial court to grant a new trial, as in other cases. Section 539 R. S. 1939, Mo. R. R. A. § 539. We bear in mind the dual function of a motion for a new trial—to obtain relief on appeal, and to obtain relief in the trial court. Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. 2d 297; Rules Nos. 3.22 and 3.23, Rules of the Supreme Court of Missouri; Vol. 2, Carr, Missouri Civil Procedure, § 852, at page 20. In the instant case we are treating with the relief afforded in the trial court by the granting of a new trial upon a specified ground within the purview of the trial court's sound discretion. The trial court *sustained* defendants' motion for a new trial. Cases cited by plaintiff, in which appellate courts have refused to disturb judgments upon verdicts (approved by the trial courts) based upon substantial evidence, are not helpful to us here.

The trial court may now grant a new trial "for any of the reasons for which new trials have heretofore (see repealed Sections 1125, 1167, 1168 and 1169 R. S. 1939, Mo. R. S. A. §§ 1125, 1167, 1168, 1169) been granted." Section 115, Civil Code of Missouri, supra; Supreme Court Rule No. 3.22, supra; Vol. 2, Carr, Missouri Civil Procedure, § 851, pp. 1-2. No verdict and resultant judgment, in any case, could be said to be just if the result of false testimony. The trial court had the duty to grant a new trial, if satisfied that perjury had been committed and that an improper verdict or finding was thereby occasioned. Section 115, Civil Code of Missouri, supra; Supreme Court Rule No. 3.22, supra; Pitzman's Company of Surveyors & Engineers v. Bixby & Smith, 338 Mo. 1078, 93 S. W. 2d 920; Citizens

Bank of Liberty v. Thompson, 234 Mo. App. 448, 132 S. W. 2d 700; Scott v. St. Joseph Ry., Light, Heat & Power Co., 168 Mo. App. 527, 153 S. W. 1058. The trial court had this duty, although a *falsus in uno falsus in omnibus* instruction was given. Re-examine Citizens Bank of Liberty v. Thompson, supra.

The Ground No. 10 of the motion was general in that the statement of the ground did not name the witness who assertedly testified falsely, nor did the specified ground state the particular testimony which was assertedly false. And there was no statement that the asserted false testimony was material. But, in reviewing the action of the trial court in sustaining the motion, the appellate court will give the specified [522] ground a broad and liberal construction. Beer v. Martel, 332 Mo. 53, 55 S. W. 2d 482.

We could not but assume the trial court in the instant case in granting a new trial was considering and using the word "judgment" (as used in the statement of Ground No. 10) in the sense of a result which followed upon and was entered as of the same day as the verdict of the jury (Section 116, Civil Code of Missouri, Mo. R. S. A. § 847.116). We may assume that, since the trial court sustained the motion, the trial judge must have been satisfied the verdict for plaintiff was the result of false testimony, that is, false testimony of facts, which facts were material upon the issue of forgery and which testimony brought about the verdict for plaintiff upon the issue. In determining the testimony was false the trial court was exercising its function in weighing the evidence and determining the credit to be given the testimony of the witnesses. It could not be convincingly argued the trial court's action did not have a substantial supporting basis in fact in view of the decided conflict in the testimony upon the issue. We cannot say the trial court's action was arbitrary.

The purpose of the Section 115 and the Supreme Court Rule No. 3.22, supra, is to clothe the trial judge, who enjoys the advantage of meeting the parties and witnesses face to face, with a wide discretion to be exercised in furtherance of substantial justice. It was not essential that affidavits be presented or evidence introduced in support of the statement in Ground No. 10 of the motion, if the trial court was otherwise satisfied the verdict was occasioned by false testimony. The trial judge may well have discovered that the witness testified falsely from what occurred at the trial. Pitzman's Company of Surveyors & Engineers v. Bixby & Smith, supra; Neal v. Kansas City Rys. Co., Mo. Sup., 229 S. W. 215. With respect to the ground for a new trial under consideration in the instant case the trial judge is vested with the functions of a trier of the fact and his discretion is limited only by the rule that his discretion must not be arbitrarily exercised. Byrd v. Vanderburgh, 168 Mo. App. 112, 151 S. W. 184; Citizens Bank of Liberty v. Thompson, supra; Rickroad

674

v. Martin, 43 Mo. App. 597. The trial court's discretion must be a wise, judicial discretion. Stark v. St. Louis Public Service Co., supra. The action of the trial court, in the exercise of its discretion in granting a new trial, may be based upon matters known to the court (often said to be in the breast of the court) because the trial judge participated in the trial and knew what took place, much of which cannot be preserved in the record. It is recognized that the trial judge has a favorable position which enables him to know matters calculated to affect the result of the trial, but which matters may be of such character that they cannot be preserved in the record and thus brought to the attention of an appellate court. Castorina v. Herrmann, supra; Beer v. Martel, supra; Stark v. St. Louis Public Service Co., supra; Rickroad v. Martin, supra. In the last named case it was said an indiscriminate interference by an appellate court with a trial court's action in matters of discretion "would in the end be productive of more injustice than a refusal to interfere in any case. . . . It frequently happens that there are circumstances influencing the action of the trial court which cannot be spread upon the record." 43 Mo. App. at pages 603-604.

The order granting the new trial should be affirmed, and the cause remanded.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.