C. B. FULLERTON, Administrator of the Estate of Clifford E. Schrimp, Deceased, Plaintiff-Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Defendant-Respondent.

No. 44800.

Supreme Court of Missouri.

Division No. 1.

Dec. 12, 1955.

Motion for Modification of Opinion and Judgment Denied Jan. 9, 1956.

W. Luke Chapin, Medicine Lodge, Kan., Arthur C. Popham, F. L. Thompson, Sam Mandell, Kansas City, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel, for plaintiff-appellant.

John H. Lathrop, Sam D. Parker, James F. Walsh, Jack W. R. Headley, Kansas City, for respondent.

WESTHUES, Judge.

C. B. Fullerton as administrator of the estate of Clifford E. Schrimp, deceased, filed this suit against the defendant Atchison, Topeka and Santa Fe Railway Company, a corporation, to recover damages for the wrongful death of Schrimp. A trial resulted in a verdict for plaintiff in the sum of $90,000. The trial court ruled that if plaintiff would enter a remittitur of $45,000, the motion for new trial filed by the defendant would be overruled; otherwise, the motion would be sustained. Plaintiff declined to enter a remittitur; whereupon a new trial was granted upon the ground that the verdict of the jury was excessive. From that order, plaintiff appealed.

The principal point on this appeal is whether the trial court erred in directing a remittitur and in granting a new trial on plaintiff's refusal to comply with the order.

A brief statement of the facts will be sufficient: On May 16, 1952, Schrimp was a member of a crew of track laborers employed by the defendant railroad. At about 9:20 a. m., on that day, the crew was engaged in repairing a crossing located in Oklahoma, 2½ miles southwest of Kiowa, Kansas. Before the crew left Kiowa that morning about 7:00 a. m., they were given a list of trains to be expected which included an extra westbound freight which was to pass through Kiowa at about 8:25 a. m. About the time the train reached the crossing (obviously much later than scheduled), the members of the crew (7 in number) were engaged in various tasks necessary to the repair work. An air hammer was in operation to help loosen rock. Schrimp and two others were engaged in driving spikes to hold the rails to the ties. These operations necessarily produced quite a bit of noise. Evidently none of these men noticed the approach of the train until it was about 4 or 5 car lengths from the crossing. All

escaped by jumping or stepping out of its path except Schrimp who was standing in a depression between the tracks. The train struck him and he was instantly killed. Members of the train crew testified that the bell on the steam locomotive had been ringing continuously from the time the train left Kiowa; that the whistle was sounded for the crossing and additional emergency blasts of the whistle were sounded as the train neared the crossing. The train consisted of 75 cars and was traveling at a speed of about 55 miles per hour. Members of the track crew testified that they heard no warning of the approaching train.

Plaintiff claimed that the foreman of the crew had violated a rule which required him to designate at least one of the crew to be on the lookout for trains "When the view is restricted or hearing impaired by any condition, * * *." (Defendant's Rule 405) It was conceded that at the time the train was approaching the crossing, no member of the crew had been so designated. Defendant does not contend that plaintiff failed to make a case for a jury.

The evidence disclosed that the deceased at the time of his death was 43 years old. His wife was 31 years of age and their seven children of ages ranging from 3 to 14 years. Schrimp's take-home pay from the railroad for the 12 months before May, 1952, was $2702.41 net and $3008.11 gross. There was evidence that Schrimp also tended a garden, kept chickens, and earned additional money at odd jobs, working for a milling company and doing farm work. Allowing for all claims made, we note that Schrimp's total gross income did not exceed $3600 per year.

The question for our determination is whether the trial judge, in the exercise of his discretion, was guilty of an abuse of such discretion. Nix v. Gulf, Mobile & Ohio R. Co., 362 Mo. 187, 240 S.W.2d 709, loc. cit. 712, 713(5). This court has on a number of occasions urged trial courts to exercise the discretion vested in them when passing on motions for new trial. Ziegelmeier v. East St. Louis & Suburban Ry. Co.,

330 Mo. 1013, 51 S.W.2d 1027, loc. cit. 1030(7). For cases on this point involving the question of excessiveness of verdicts, see Yakubinis v. Missouri-Kansas-Texas R. Co., 345 Mo. 943, 137 S.W.2d 504, loc. cit. 506(7–9); Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157, loc. cit. 158, 159 (2–6).

The burden of showing that the trial court abused its discretion rests on the complaining party. 5 C.J.S., Appeal and Error, § 1584, p. 476. Unless there has been an abuse of discretion, the ruling of the trial court will not be disturbed on appeal. 5 C.J.S., Appeal and Error, § 1626, p. 535; Coats v. News Corporation, 355 Mo. 778, 197 S.W.2d 958, loc. cit. 962(6–8); Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426, loc. cit. 431(9–13).

A trial judge in passing on the question of whether a verdict is grossly excessive or inadequate has authority to weigh all the evidence bearing on that question. Nix v. Gulf, Mobile & Ohio R. Co., supra, 240 S.W.2d loc. cit. 713(6); Steuernagel v. St. Louis Public Service Co., supra, 238 S.W.2d loc. cit. 431(9–13).

This court has in a number of death cases under the F.E.L.A. ordered remittiturs where the evidence with reference to damages and circumstances were somewhat similar to those in the case before us. The final judgments entered in those cases were in amounts comparable to the amount the trial court thought to be adequate in this case. Plaintiff cited a number of these cases in the brief. In Ford v. Louisville & N. R. Co., 355 Mo. 362, 196 S.W.2d 163, there was a verdict for $45,000. This court ordered a remittitur of $15,000. In that case, the deceased was 51 years old at the time of his death and was survived by a widow and seven minor children. In Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, deceased was 44 years of age and was survived by a widow

and four dependent children. The verdict in that case was reduced from $52,500 to $40,000. In Curtis v. Atchison, Topeka & S. F. Ry. Co., 363 Mo. 779, 253 S.W.2d 789, deceased was 46 years old and was survived by a widow and one son. His earnings had been $4,755 per year. A verdict of $60,000 was reduced to $40,000. Subsequent to the submission of the case before us, plaintiff called our attention to the case of Thomas v. Conemaugh Black Lick Railroad, D.C., 133 F. Supp. 533, a death case where a judgment for $80,000 was held not to be excessive. That case is not of much help to us in this case where the principal point is whether the trial court abused his discretion in ordering the remittitur. We do not deem it necessary to cite additional authorities. It seems apparent that the trial judge acted in conformity with the practice approved by this court.

Plaintiff next urges that in case we should hold that the trial court was not guilty of an abuse of discretion we should remand the case for a trial on the question of damages only. We need not write at length on this question. Plaintiff in this case is in the same position as were the plaintiffs in the Nix and Steuernagel cases, supra. In the Nix case, 240 S.W.2d loc. cit. 717(17), this court considered this question at length and held that the plaintiff was "in no position now to ask us to remand for trial upon the damages issue alone—upon the very issue upon which plaintiff appealed and the very issue we have decided was properly ruled below. Such a remand would, in effect, render nugatory our decision that the trial court did not err in granting a new trial upon all issues upon plaintiff's failure to remit." We made a similar ruling in the Steuernagel case, supra.

It follows that the order of the trial court granting a new trial must be and is hereby affirmed and the cause remanded.

All concur.