John J. BIERMAN, Appellant,

v.

Roosevelt LANGSTON, Respondent.

No. 45878.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1957.

Rexford H. Caruthers, George Gerhard, St. Louis, for appellant.

No attorney for respondent.

STOCKARD, Commissioner.

Plaintiff obtained a jury verdict against defendant in the amount of $12,500 for personal injuries resulting from an automobile accident. The 17th ground in defendant's motion for new trial was as follows: "Because the verdict and judgment entered in this case are excessive under the law and under the evidence and indicate that said verdict and judgment were the direct result of bias and prejudice of the jury in favor of the plaintiff and against the defendant." The trial court sustained the motion by this order: "Defendant's motion for new trial is sustained upon the first ground stated in paragraph 17 thereof.

Memorandum Opinion of Court filed." Plaintiff has appealed.

The automobile accident out of which this suit arose occurred on June 7, 1955. Plaintiff was the operator of one car and defendant the operator of the other. Plaintiff testified that as a result of the collision he was thrown to the right side of the car and that his arm hit the window and his head struck the window framing. He was knocked unconscious momentarily, but he immediately got out of his car and remained at the scene of the accident for about half an hour. Then he walked three or four blocks and took a bus to his place of employment as a city fireman and worked his regular 24-hour shift. Since, he has performed his work as a fireman in a satisfactory manner. He lost no time from work and lost no wages as a result of the accident. Immediately after the accident his right shoulder and the back of his head were sore. He also suffered headaches. The following day he started to feel dizzy and nauseated, and from that time until about a week later he would vomit occasionally. A few days after the accident he had an X-ray taken at the suggestion of a neighbor who was an attorney. This X-ray revealed no fractures. He also went to a doctor several weeks after the accident at the suggestion of his attorney. This doctor did not administer any treatment and did not testify. In November 1955, approximately five months after the accident, he first noticed that his hearing in the right ear was less than in the left. At the time of trial he still had headaches, but it had been two or three weeks since he had one. He still had dizziness when he had "no reference point to touch or see," but when he could see or touch something he was "pretty well oriented." Plaintiff testified that prior to the accident he had no dizziness or headaches and no hearing trouble. Plaintiff first saw Doctor Welch on December 16, 1955. This doctor performed several tests, and testified that at the time of his examination plaintiff had a definite loss of hearing in both ears, but more pro-

nounced in the right ear where the loss was about twenty per cent and permanent. The petition claims a loss of hearing in the right ear only as a result of the accident. Doctor Welch also testified that it was his opinion that a "traumatic injury due to concussion in the ear could be the etiology" of plaintiff's loss of hearing and hyper-irritability in the labyrinth of the ear, and that he "would conclude that that trauma in that accident could be the direct cause of his trouble." At no time did Doctor Welch or any other medical witness testify that in his opinion the collision did cause the loss of hearing in plaintiff's right ear. In fact, Doctor Welch testified that he could not tell when the trauma causing the condition occurred, and that it could have occurred prior to the accident in question.

 Section 510.530 RSMo 1940, V. A.M.S., specifies that "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." This order is the sole and only official repository for the court's grounds or reasons for sustaining a motion for a new trial. Donati v. Gualdoni, 358 Mo. 667, 216 S.W.2d 519 [3]; Hammond v. Crown Coach Company, 364 Mo. 508, 263 S.W.2d 362, 364. The order in this case clearly and unequivocally states that the new trial was granted because the amount of the verdict was excessive, and the trial court has a broad discretion in sustaining a motion for a new trial on this ground, which in effect is equivalent to the granting of a new trial on the ground that the verdict is against the weight of the evidence. Wicker v. Knox Glass Associates, Inc., 362 Mo. 614, 242 S.W.2d 566 [4]; Steurnagel v. St. Louis Public Service Company, 361 Mo. 1066, 238 S.W.2d 426 [9, 10]; Stith v. St. Louis Public Service Company, 363 Mo. 442, 251 S.W.2d 693 [14], 34 A.L.R.2d 972. However, the trial court prepared and filed a memorandum in which it purported to explain its reasons for granting the new trial, and the ground there advanced is at variance with the ground specified of record in the order. In the memorandum it is stated that there was no evidence of causation between the accident in which plaintiff was involved and the permanent impairment to plaintiff's hearing, or as stated in the memorandum, "the evidence was insufficient for the submissibility of the issue," and since the size of the verdict indicated that the jury awarded damages for permanent loss of hearing, the verdict was excessive. The granting of a new trial because the evidence was insufficient to submit an issue to the jury is not the exercise of judicial discretion but is the determination of a legal question. Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S.W.2d 548 [11]. While the order of the trial court entered in compliance with Section 510.330 RSMo 1949, V.A.M.S., specifies a discretionary ground for granting the new trial, the memorandum purports to state that the reason for granting the new trial was a nondiscretionary one. The review in this court on appeal from an order granting a new trial is different in the two situations, and the question first to be decided is which ground for the new trial shall we review, the discretionary one specified in the order based on the weighing of the evidence, or the nondiscretionary one mentioned in the memorandum based on a question of law.

 The cases on this question have been exhaustively reviewed in Hammond v. Crown Coach Company, supra. Reference to the opinion in that case for a thorough explanation of the rule and the reasons therefor makes a repetition here unnecessary. It is sufficient to say that at least when the order is unambiguous, as it clearly is in this case, the memorandum does not constitute a substitute for the order, and in this case resort to the memorandum would not support or explain an ambiguous order, but would countervail or dispute an order that on its face is clear as to its meaning. See Ponyard v. Drexel, Mo.App., 205 S.W. 2d 267; Donati v. Gualdoni, supra. We are, therefore, constrained to review the order granting a new trial only on the basis that in the exercise of its discretion

the trial court determined that the amount of the verdict was excessive. The result is that the question for our determination is whether the trial judge was guilty of an abuse of discretion in granting a new trial for the ground stated in the order, and unless the record clearly so shows, this court should not interfere. Fullerton v. Atchison, Topeka & Santa Fe Railway Company, Mo.Sup., 285 S.W.2d 572, 574; Jenkins v. Terminal Railroad Association of St. Louis, Mo.App., 285 S.W. 2d 12 [6]; 5 C.J.S. Appeal and Error § 1626. In reviewing the action of the trial court we give the specified ground in the order a broad and liberal construction. Donati v. Gualdoni, supra [7]; Beer v. Martel, 332 Mo. 53, 55 S.W.2d 482 [8]. Also the burden of showing that the trial court abused its discretion rests on the complaining party, Fullerton v. Atchison, Topeka & Santa Fe Railway Company, supra [2], and in reviewing the action of the trial court in sustaining a motion for a new trial because the verdict is excessive, an appellate court views the evidence in the light most favorable to movant. Mitchell v. Pla-Mor, Inc., Mo.Sup., 237 S.W.2d 189 [5].

■■■■ Other than the possibility that his permanent partial loss of hearing resulted from the accident, plaintiff received no injuries from the accident which required medical attention. In any event his injuries did not result in any loss of work or wages. Plaintiff has cited cases to show that he presented sufficient evidence to make a submissible jury issue as to the cause of his loss of hearing. The trial judge was of the opinion that he did not, but the question is close. Plaintiff admits that the testimony of Doctor Welch that the accident could have caused the permanent loss of hearing, standing alone, leaves the issue of causality to speculation and conjecture. See Kimmie v. Terminal Railroad Association of St. Louis, 334 Mo. 596, 66 S.W.2d 561; and Ketcham v. Thomas, Mo.

Sup., 283 S.W.2d 642. Plaintiff contends, however, that inferences may be drawn from certain facts to establish causality. Plaintiff states that the evidence establishes that before the accident plaintiff was not bothered with headaches and dizziness and argues that these symptoms indicate damage to the semicircular canal of his ear and that the doctor testified that the loss of hearing which first manifested itself about five months after the accident resulted from a damaging of the canal. We need not decide if the evidence was sufficient, as a matter of law, to present a jury issue as to causation. Assuming that it was, it still presented a very weak case, and the trial court was entitled to take into consideration all the evidence in ruling on the motion for new trial, Chrum v. St. Louis Public Service Co., Mo.Sup., 242 S.W.2d 54 [9], and the credibility of that evidence on the question of excessiveness of the verdict was, in the first instance, a matter perculiarly for the consideration of the trial court. Enyart v. Santa Fe Trail Trans. Co., Mo. Sup., 241 S.W.2d 268 [9]. Upon a thorough and careful review of the evidence tending to establish the extent of the injuries received by plaintiff, we cannot say that the trial court abused its discretion in granting a new trial on the discretionary ground set forth in its order entered pursuant to Section 510.330 RSMo 1949, V.A.M.S., and that is the only ground we review on this appeal. Hammond v. Crown Coach Company, supra.

The order granting a new trial is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.