D. C. OGLE, Individually, et al., Appellants,

v.

Low Daniel TODD, II, a minor, and Caroline Roberta Bolling, Defendants,

Edwin Lawrence, Defendant-Respondent.

No. KCD 26684.

Missouri Court of Appeals, Kansas City District.

Sept. 3, 1974.

Edward J. Murphy, Inc., by E. J. Murphy, Butler, for appellants.

George M. Flanigan, McReynolds, Flanigan & Flanigan, Carthage, for defendant-respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

Plaintiffs appeal from a judgment entered on an order of the Circuit Court of Vernon County granting defendant Lawrence's motion for a new trial on a jury verdict of $50,000 for the plaintiffs and against defendants Todd and Lawrence, the jury having found in favor of defendant Bolling.

Plaintiffs are the widower and three minor children of their wife and mother killed in an automobile accident April 9, 1972, on Highway 54, one mile west of Nevada, Missouri. Plaintiffs allege that defendant Lawrence is liable to them for wrongful death because he was engaged in an automobile race with the car that struck the car in which the decedent was riding.

Plaintiffs assert that the trial court abused its discretion in granting defendant a new trial on the ground that the verdict is against the weight of the evidence. The argument is that the court made a specific finding that there was no evidence of racing which caused the automobile accident, which amounts to a finding that the plaintiffs did not make a submissible case. There being no submissible issues, an order granting a new trial is error. Plaintiffs also assert that the trial court's specific reasons for granting a new trial are plainly erroneous and unsupported by the record.

Todd, the driver of the car that collided with the car in which the deceased Mrs. Ogle was riding, and Lawrence, left Nevada on the day of the accident following each other in their respective cars. They were going to Todd's house to shoot pool. Plaintiffs' theory is that on the way to Todd's home, the two 16-year-old boys raced their cars, resulting in the accident. Both parties presented evidence on the issues of whether the defendants were racing and under exactly what circumstances the accident occurred.

After the jury awarded a verdict to the plaintiffs for $50,000 against both defendants, defendant Lawrence filed a motion for judgment in accordance with his motion for a directed verdict, or in the alternative for a new trial. On March 29, 1973, the Circuit Court of Vernon County made the following docket entry: "March 29, 1973. Defendant Lawrence's Motion for New Trial sustained and verdict of the jury set aside as against the weight of evidence so far as defendant Lawrence." On the same day, the Circuit Court of Vernon County made what it entitled a "Finding." In that "Finding," the court said, "The Court therefore finds that the overwhelming weight of the evidence is against the verdict of the jury; that there was no evidence that 'racing' caused the accident and the motion for new trial is sustained."

The issue in this case is whether the docket entry of the Circuit Court or its "Finding" is controlling. If the "Finding" of the Circuit Court is considered its official record, then plaintiffs' argument must be sustained. Likewise, if the docket entry is considered the official record of the trial court, then plaintiffs' appeal is without merit because in its docket entry, the trial court did not find that there was no evidence of racing; it found only that the verdict was against the greater weight of the evidence.

 It has long been held that, "[T]he trial court's order is the sole official repository for the court's grounds, thoughts or reasons for sustention of the motions for new trial." Land Clearance for Redevelopment Authority of City of Joplin v. Joplin Union Depot Company, 429 S.W.2d 806 (Mo.App.1968); Donati v. Gualdoni, 358 Mo. 667, 216 S.W.2d 519 (1948). In certain cases where the ground upon which a motion for new trial as recorded in the order is ambiguous, a memorandum of the trial court, in this case the "Finding," may be resorted to by an appellate court to explain the recorded ground but not to oppose or impeach it. Ponyard v. Drexel, 205 S.W.2d 267 (Mo. App.1947). Bierman v. Langston, 304 S. W.2d 865 (Mo.1957), in a factual setting very analogous to the instant case, held not only that a memorandum referring to the "sufficiency" of evidence to submit an issue could not be a substitute for the order but that to consider it would not be to support or explain an order but would countervail or dispute an order clear on its face. In the instant case, the ground for granting a new trial as recorded in the docket is clear; this court may not consider the "Finding" of the trial court. Indeed, even were the recorded ground ambiguous, the court could only consider the "Finding" of the trial court to explain and support the recorded ground, but not to impeach it as plaintiffs here urge us to do. The plaintiffs' contention that the trial court made his ruling on a nondiscretionary basis is denied.

The plaintiffs urge that the trial court's power to grant a new trial is discretionary only as to questions of fact and that there is no discretion as to the law. Rule 78.01, V.A.M.R. Womack v. McCullough, 358 S.W.2d 66 (Mo.1962). There can be no quarrel with the rule as stated. The difficulty is that plaintiffs, to demonstrate that the ruling of the trial court was not on a discretionary basis, must resort to the "Finding" or memorandum of the trial court. This is demonstrated by plaintiffs' argument on this point in the brief. Excerpting from the trial court memorandum statements of the trial court on the admissibility of the admission of the defendant Lawrence and of the trial court's summary of the witnesses' testimony, the defendant then argues that regardless of the stated discretionary ground, the trial court was, in fact, deciding as a matter of law that plaintiffs failed to make a submissible case and that the trial court's discretionary ruling was, therefore, arbitrary and an abuse of discretion. Plaintiffs by this argument attempt to do exactly what cannot be done, that is, destroy or controvert the court's plain unambiguous order by the court's memorandum of reasons for its order. Land Clearance for Redevelopment Authority v. Joplin Union Depot Company, supra. Bierman v. Langston, supra.

State ex rel. State Highway Commission v. Nickerson and Nickerson, Inc., 494 S. W.2d 344 (Mo.1973), is relied on by the appellant as authority that supports his argument on this branch of the case. The Nickerson case is distinguishable. In it, the court was considering an order granting a new trial which, after reciting in the *order* that it was on discretionary grounds, continued in the *order* itself to say " '. . . because it was based upon testimony of expert witnesses which was in turn erroneously based upon a prior knowledge of a proposed public improvement

which was in fact abandoned before the admitted date of taking.'" (494 S.W.2d 344, 346).

The court in Nickerson construed this somewhat ambiguous order as ruling that certain evidence was improperly admitted and not as a ruling on the discretionary ground. The holding does not affect the situation here where the order is clear and only the memorandum of the court raises any ambiguity.

■ The question of whether the case was submissible to the jury has been raised by the defendant. Although defendant did not file a cross appeal, the issue of submissibility of plaintiffs' case is properly raised as bearing on the issue of the trial court's order requiring a new trial. Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S.W.2d 333 (1949).

The evidence for plaintiffs revolves around the testimony of three witnesses. The son of the woman who was killed in the accident testified that in response to the son's question, "Were you racing?" defendant answered, "Yes, we were." The circumstances surrounding such admission raise a question as to whether it was voluntary. The incident occurred at the high school that the boys attended approximately ten days after the accident. Michael Ogle, son of the plaintiff, who is one year older than defendant Lawrence and was admittedly stronger at the time, threw defendant against a wall and asked the above question. Respondent asserts that the admission was not voluntary, but was made under duress, and is, therefore, not admissible.

■ The evidence is probative of a material issue. The weight and credibility to be attached to it is a matter for the jury to determine. The evidence is not excludable as a matter of law. 4 Wigmore on Evidence, § 1050(1) (b), (1972); 3 Wigmore on Evidence, § 815 (1970). Admissions against interest where there was a question

of voluntariness have been admitted. Teel v. May Department Stores Co., 352 Mo. 127, 176 S.W.2d 440 (1943); Van Orman v. J. C. Penney Co., 60 S.W.2d 409 (Mo. App.1933).

The testimony of the two remaining witnesses for plaintiffs must be addressed. The testimony of Steven Cornell is equivocal. Cornell was uncertain whether the defendant actually told him that defendant was racing at the time of the accident. When Cornell told the jury how defendant described the accident, he did not state in his narration that Lawrence said that he was racing. On the question of whether defendant told him he was racing, Cornell said, "Well, I can't say the exact statement of what he said, but I'm pretty sure I've heard him say he was racing." In deposition Cornell stated, in response to a question about whether defendant said anything about racing, "Well, no—no, I guess he didn't." In deposition again, in response to the same question, Cornell said, "I can't say for sure, but I'm sure he did." In response to the same question for a third time, Cornell said, "I just don't know." On the stand Cornell said he could tell the jury he thought defendant was racing at the time of the accident. He then answered, "Well, yes," when asked again whether defendant told him that defendant was racing at the time of the accident. When asked later on re-cross whether he was then telling the jury that defendant told him he was racing, Cornell said, "I guess not." When asked again, finally, if defendant told him that he was racing, Cornell said, "I ain't for sure if he did."

■ O'Neill v. Claypool, 341 S.W.2d 129 (Mo.1960), determines the admissibility of Steven Cornell's testimony on the issue of racing. Witness Cornell changed his testimony throughout the depositions and testimony taken at trial on the question of whether defendant had admitted to him that he was racing at the time of the accident. His testimony was "weak, uncertain,

indefinite and in effect repudiated." O'Neill, supra. Layton v. Chinberg, 282 S.W. 434 (Mo.1926). His testimony concerning the alleged admission was not competent and, therefore, not admissible. Reasonable men could not differ on such testimony, because it lacked any substance upon which to differ.

■ The testimony of Terry Morelan was partially inadmissible. Morelan testified that when he asked defendant whether defendant had been racing at the time of the accident, defendant did not respond. Defendant's silence is not probative of any material issue unless at the time he was questioned he was under a duty to respond. Because there was no need for the defendant to reply to Morelan's question, that evidence is not admissible. Keim v. Blackburn, 280 ·S.W. 1046 (Mo.1926). "[A] tacit admission by reason of silence is considered to be weak in probative force." Creager v. Chilson, 453 S.W.2d 941, 943 (Mo.1970). Because the circumstances were such that there was no duty upon defendant to reply to the above question, put to him by his acquaintance Morelan in a high school study hall, the trial court should not have admitted such evidence. Kelso v. C. B. K. Agronomics, Inc., 510 S.W.2d 709, 729 (Mo.App.1974).

■ However, because the question of whether defendant made the alleged admission to Michael Ogle and whether it was voluntary was for the jury, and because portions of the testimony of Steven Cornell and Terry Morelan not referred to above, but clearly admissible, were supportive of the theory of the plaintiffs' case, there was evidence which, if believed, would have supported the verdict against defendant Lawrence.

The judgment of the Circuit Court of Vernon County entered on its order granting defendant Lawrence's motion for new trial is affirmed.

All concur.