STATE EX REL. DAVID STEIN, an Individual, One of Copartners Doing Business as STEIN BROTHERS, Relator, v. WILLIAM DEE BECKER, EDWARD J. MCCULLEN and JOSEPH KANE, Judges of the St. Louis Court of Appeals.—67 S. W. (2d) 755.

Court en Banc, February 3, 1934.

*Wayne Ely* and *Tom Ely, Jr.,* for relator.

*Everett J. Hulverson* and *Staunton E. Boudreau* for respondents.

GANTT, C. J.—Relator seeks to have quashed the opinion of the St. Louis Court of Appeals in Ernestine Perry, by next friend, v. Stein, 63 S. W. (2d) 296. It appears from the opinion as follows:

Defendant Stein was a merchant. Plaintiff as his customer was standing at the counter on the west side of his storeroom. While so standing the shelving fell from the side of the building and against the counter, which caused canned goods to be thrown from the shelves and against plaintiff, thereby injuring her. The action was for personal injuries. General negligence was pleaded and recovery sought on the theory of *res ipsa loquitur.* At the close of the evidence for plaintiff, the court sustained a demurrer to all defendants except David Stein. Defendant offered no evidence. Judgment went against Stein for $2100, and he appealed.

In the trial court and in the Court of Appeals defendant Stein challenged an instruction as follows:

"The court instructs the jury that if you find and believe from the evidence that on the occasion in question plaintiff was an invitee on the premises mentioned in evidence, then the court instructs you that it was the due obligation and duty of defendant to plaintiff to use ordinary care to keep and maintain said premises in a reasonably safe condition and a failure of defendant to use such ordinary care would constitute negligence and defendant would be responsible for all injuries resulting to plaintiff, if any, from such negligence, if any; and if you further find from the evidence that plaintiff was in a position of danger, if you so find, in the event the said shelving and contents thereof in said store should fall, and if

you further find that said shelving did, in fact, fall and the contents thereof did strike and injure the plaintiff, if you find she was injured, then the law presumes that said falling of said shelving, if it did fall, and the injury to the plaintiff, if any, were caused by some negligence of defendant, and the duty is upon the defendant to bring forward evidence to show to your reasonable satisfaction that the defendant could not have prevented the falling of said shelving by the exercise of ordinary care, and unless you find that the falling of said shelving could not have been prevented by the exercise of ordinary care by the defendant, your verdict must be in favor of the plaintiff and against the defendant.''

On consideration of the assignment of error on the giving of said instruction, the Court of Appeals said:

''The above testimony adduced by defendant on cross-examination of Grossman does not, as it is insisted upon by defendant, show any specific act or acts of negligence causing the accident; and does not deprive plaintiff of her right to submit her case on the doctrine of *res ipsa loquitur*, and therefore the giving of Instruction No. 3, which was in accordance with that doctrine, was not error. [Price v. Metropolitan Street Railway Co., 220 Mo. 435, 119 S. W. 932, 132 Am. St. Rep. 588; Porter v. St. Joseph Railway, etc., Co., 311 Mo. 66, 277 S. W. 913.]''

Relator challenges said ruling as in conflict with decisions of this court as follows: Zichler v. St. Louis Public Service Company, 332 Mo. 902, 59 S. W. (2d) 654, 656; Steffen v. Southwestern Bell Telephone Co., 331 Mo. 574, 56 S. W. (2d) 47, l. c. 50, 51; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, l. c. 563; McGrath v. St. Louis Transit Co., 197 Mo. 97, 94 S. W. 872.

In the McGrath case we held that if the petition alleged specific acts of negligence, the plaintiff could not recover under the *res ipsa loquitur* rule. In the instant case the petition alleged general negligence. Of course, there is no conflict with the McGrath case.

Even so, relator argues that the above ruling of the Court of Appeals is in conflict with the ruling of this court in the McCloskey, Steffen and Zichler cases on the question of the burden of proof in *res ipsa loquitur* cases. We do not think so. It is clear from the above statement of the Court of Appeals that defendant only contended that there was evidence tending to show specific acts of negligence and for that reason the instruction was erroneous in authorizing a recovery under the *res ipsa loquitur* rule. In other words, the instruction was not challenged as in violation of the burden of proof rule, and the Court of Appeals made no ruling on that question. It may be stated that only the ruling in the Price case and other cases on the burden of proof in *res ipsa loquitur* cases was overruled by the McCloskey cases. It follows that the

ruling of the Court of Appeals is not in conflict with the last-named cases.

Relator next contends that the ruling of the Court of Appeals that there was substantial evidence of permanent injury, is in conflict with decisions of this court as follows: Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 61 S. W. (2d) 328, 1. c. 334; Lebrecht v. United Railways Co. of St. Louis, 237 S. W. 112, 1. c. 114. Those cases ruled that "mere likelihood or probability" of a permanent injury would not authorize the submission of such issue to the jury.

It appears from the opinion of the Court of Appeals that there was evidence tending to show that falling cans of goods struck plaintiff on the head which rendered her temporarily unconscious. Plaintiff testified that since the injury to her head she experienced dizziness and severe headaches during menstruation, and that prior to said injury she had no headaches during said periods. She also testified to temporary injuries. The physician attending her testified that in his opinion "the condition of the head, the dizziness and pain in the head" are permanent injuries.

Of course, this is not strong evidence of the permanency of said injuries. However, we think it authorized the submission of the issue to the jury. The ruling is not in conflict with the Plank and Lebrecht cases, and our writ should be quashed. It is so ordered. All concur, Ellison, J., in result only; except Hays, J., absent.