Martha Duncan, Appellant, v. St. Louis Public Service Company, a Corporation.—No. 39829.—197 S. W. (2d) 964.

Division One, November 11, 1946.

Rehearing Denied, December 9, 1946.

*Everett Hullverson* for appellant; *Orville Richardson* of counsel.

*Mattingly, Berthold, Jones & Richards* and *Lloyd E. Boas* for respondent.

CLARK, J.—Plaintiff's petition prayed damages in the sum of $15,000.00 alleged to be due to defendant's negligence. Verdict and judgment were for defendant and plaintiff has appealed.

Plaintiff's evidence was to the effect that defendant is an operator of a street railway system as a common carrier of passengers for hire. That, on the date of the alleged injury, plaintiff was a passenger on one of defendant's cars which had stopped at a street intersection to receive and discharge passengers. That it was necessary for plaintiff to arise and stand in the aisle to permit another passenger to get out from the inside of the seat where she had been sitting. That another car of defendant suddenly collided with the rear end of the car in which she was standing, throwing her down and injuring her.

Defendant's evidence tended to show that the collision caused only a slight jar to the car on which plaintiff was and neither car was damaged. The operator of the car did not see or hear of any one being thrown to the floor and after inquiry received no complaint of injury to any passenger. Defendant also offered medical testimony tending to show that plaintiff's condition was not due to injuries, but to a pre-existing cause.

After the close of the evidence the court permitted defendant, over the objection of plaintiff, to amend the answer to charge plaintiff with contributory negligence.

At plaintiff's request the court gave instructions as follows: No. 1 to the effect that defendant, as a common carrier of passengers for hire, was under the duty to exercise the highest degree of care and a failure to do so would constitute negligence as used in the instructions; that if they found from the evidence that there was a collision and plaintiff was injured thereby that such facts are sufficient circumstantial evidence to warrant a finding that defendant was negligent, etc. No. 5 on the measure of damages.

For defendant, the court gave instructions: No. 2 on the credibility of witnesses; No. 3 that it was the duty of plaintiff to exercise ordinary care for her own safety, and No. 4 which we set out in full as follows:

"The Court instructs the jury that the charge laid by the plaintiff against the defendant in this case is one of negligence. Recovery may not be had on a charge of negligence except when such charge is sustained by the preponderance, that is, the greater weight of the credible evidence. By the term 'preponderance or greater weight of the credible evidence' as used in this instruction is meant evidence which is more convincing to you as worthy of belief than that which is offered in opposition thereto by the defendant. It does not devolve upon the defendant to disprove said charge, but rather the law casts the burden of proof in reference to said charge upon the plaintiff, and said charge of negligence must be sustained by the preponderance, that is, the greater weight of the credible evidence.

If, therefore, you find the evidence touching the charge of negligence against the defendant does not preponderate in favor of the plaintiff, or is evenly balanced, then and in that case plaintiff is not entitled to recover against the defendant and you will find your verdict for the defendant.''

Before the instructions were read to the jury, plaintiff's counsel made the following statement to the trial court:

''MR. HULLVERSON: I object to that (Instruction No. 4), in the first place, because it is an instruction which is unduly favorable to the defendant in this case. It is not the law of this case. The burden is upon the defendant, under an instruction which has been approved by the court, Plaintiff's No. 1, to bring forward evidence to rebut a presumption or an inference of negligence, due to the setting up of circumstantial evidence which has been set up in this case. If, under Instruction No. 1, the facts which have been set up in that instruction are sufficient to warrant an inference that the defendant is guilty of negligence, then this instruction is wrong, because it throws the burden of proof on the plaintiff. The burden of going forward on the evidence after a prima facie case has been made shifts to the defendant, and this instruction permits the defendant to escape such duty. I have no objection to Instruction No. 2 or Instruction No. 3.''

In this court, appellant's counsel fires his heaviest salvo at respondent's instruction No. 4, but directs a desultory small arms fire at the amendment of the answer and respondent's instruction No. 3.

Appellant objects to the amendment of respondent's answer, setting up contributory negligence, on the ground that there was no evidence to support it. Appellant says: ''such an amendment, if allowed, as here, then becomes the basis for attacking and giving instructions, moving for a directed verdict and argument to the jury.'' But the record does not show that the amended answer was read to the jury or that the issue of contributory negligence was argued by respondent's counsel. The court refused to give an instruction requested by respondent which would have submitted that question to the jury. True, the court did give respondent's instruction No. 3 which stated that appellant was under the duty to exercise ordinary care for her own safety, but appellant's counsel told the court he had no objection to that instruction. So far we find no reversible error.

Now, as to respondent's instruction No. 4. Appellant concedes that, since McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, this court is committed to the view that the burden of proof never shifts, even in a res ipsa loquitur case ▓ such as this, but appellant says the McCloskey case holds that ''the burden of coming forward with the evidence of non-negligence does shift to the defendant after plaintiff has made a prima facie case by the bare proof of facts from which negligence is inferred'' and that it is proper to so in-

struct the jury, citing: the McCloskey case; State ex rel. Stein v. Becker, 334 Mo. 749, 67 S. W. (2d) 755; Hartnett v. May Dept. Stores (Mo. App.), 85 S. W. (2d) 644.

The opinion of the court of appeals in Hartnett v. May Dept. Stores affords some support for appellant's contention, as it seems to hold that when a plaintiff offers some evidence to place himself within the res ipsa doctrine, the jury not merely *may*, but *must*, find the defendant guilty of negligence unless the latter offers evidence to disprove negligence. That ruling has not been followed by later decisions of the same court [Campbell v. R. R. Co., 235 Mo. App. 56, 126 S. W. (2d) 915] and is not supported by the McCloskey case or later decisions of this court.

In State ex rel. Stein v. Becker we held that the approval by a court of appeals of an instruction in a res ipsa case did not conflict with our decisions, but the instruction there was not challenged as a violation of the burden of proof rule and neither the court of appeals nor this court passed upon that question.

The majority opinion in the McCloskey case pointed out the distinction between "burden of proof" and "burden of evidence." It distinctly holds that the "burden of proof," even in a res ipsa case, never shifts. In substance, it does say that where the plaintiff has offered evidence to make a prima facie case, the "burden" is on the defendant "to produce, *if he desires*, competent controverting evidence," but it does not say or intimate that the inference as to defendant's negligence, which the jury are authorized to indulge on plaintiff's evidence, becomes conclusive if defendant fails to produce controverting evidence. The concurring opinion of Judge Ragland in the McCloskey case quotes from Sweeney v. Erving, 228 U. S. 233, as follows:

"Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict."

The concurring opinion of Judge Ragland did not receive a majority vote in the McCloskey case, but the language above quoted from the Ragland opinion received the approval of a majority of this court in Harke v. Haase, 335 Mo. 1104, 75 S. W. (2d) 1001.

In the instant case appellant's counsel does not object to the view approved in Harke v. Haase, for he says: "Strictly speaking, of course, the defendant need not introduce any evidence in this class of cases, and its failure to do so does not authorize a directed verdict for plaintiff under familiar rules dividing the provinces of court and jury. On the other hand, since the plaintiff is entitled to an infer-

ence of negligence from circumstantial evidence without carrying the burden of proving any specific 'charge' of negligence, a direction relieving the defendant of a duty of disproof might well be understood to throw a duty of proving specific negligence upon the plaintiff. Such a result would deprive the plaintiff of legitimate inferences to which he or she might be entitled, and thus result in positive error and misdirection.''

Appellant strongly relies upon Harke v. Haase. That case we reversed and remanded for error in an instruction given at request of respondent (plaintiff) which cast upon defendant the burden of proof to overcome the presumption (inference) arising in plaintiff's favor in a res ipsa case. We also criticised an instruction given at request of appellant which referred to a ''charge'' of negligence made by the plaintiff and stated that ''the jury have no right to presume negligence.'' We said the reference to a ''charge'' of negligence is confusing and misleading, ''in a ▉ res ipsa case, because there is technically no specific charge of negligence made by the plaintiff. Since the petition alleges only general negligence this would tend to mislead.'' We further said the latter part of the instruction, stating that the jury had no right to presume negligence, ''could not help but mislead and confuse the jury, in a res ipsa case, because they did have the right to presume (infer) negligence from the facts shown in evidence.

Respondent's instruction No. 4 in the instant case does not contain the most serious defect present in appellant's instruction in Harke v. Haase. That is, instruction No. 4 does not preclude the jury from indulging an inference of respondent's negligence upon evidence by appellant of the situation mentioned in her instruction No. 1. Respondent's instruction No. 4 does contain references to a ''charge'' of negligence, similar to the one criticised in Harke v. Haase, but, reading all the instructions together, we do not believe they would tend to mislead or confuse the jury. Instruction No. 1 clearly and correctly told the jury that, if they believed and found certain facts, they were authorized to find defendant negligent and return a verdict for plaintiff. Instruction No. 4, not inconsistent with No. 1, placed the burden on plaintiff to prove the ''charge'' of negligence. The only charge was general negligence and, reading the two instructions together, we cannot hold that the effect would be to mislead the jury to believe they were required to find defendant guilty of specific negligence. We do not wholeheartedly approve instruction No. 4. It is unnecessarily lengthy and repetitious, but we cannot hold it to be reversible error.

Appellant further complains of instruction No. 4 as being ''argumentative'' and, that by defining preponderance of evidence as such ''which is more convincing to you as worthy of belief than that which is offered in opposition by the defendant,'' appellant was

740

deprived of the benefit of any testimony offered by respondent which would help appellant's case. Reading all the instructions together we do not think this criticism is valid. Besides, appellant's counsel made no such objection either before the instructions were given or in the motion for new trial. The objection to instruction No. 4, heretofore quoted, was repeated verbatim in appellant's motion for new trial and was to the effect that the instruction was unduly favorable to defendant, was not the law and relieved defendant from the necessity of producing evidence after plaintiff had made a prima facie case.

After examination of all the cases cited, we find no reversible error. Accordingly, the judgment is affirmed. All concur.