IN RE THE MISSOURI CROOKED RIVER BACKWATER LEVEE DISTRICT OF RAY COUNTY, MISSOURI, a Public Corporation, Respondent, v. CHARLES MERRIFIELD and KATHLEEN MERRIFIELD, Appellants.— No. 40893.—218 S. W. (2d) 110.

Division Two, February 14, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, March 14, 1949.

*Wilson D. Hill* and *Harry D. Hall* for appellants.

916

*William T. Thompson, Arthur R. Kincaid,* and *Lawson, Hale & Coleberd* for respondent.

[111] WESTHUES, C.—Respondent, Missouri Crooked River Backwater Levee District of Ray County, Missouri, instituted condemnation proceedings for the purpose of appropriating a strip of defendants' land upon which to build a levee. Commissioners were appointed to assess damages and benefits. The defendants filed exceptions to the report of the Commissioners. The question of damages was tried before a jury. A verdict was returned in favor of the defendants, the exceptors, in the sum of $9,495. The Levee District filed a motion for a new trial which the trial court sustained.

The court did not specify upon what ground the motion was granted. The defendants duly appealed. Rule 1.10 of this court provides that when a trial court fails to specify the grounds on which

a new trial is granted, the presumption shall be that it was erroneously granted. The rule further provides that in such cases it shall never be presumed that the new trial was granted on any discretionary grounds. The rule also places the burden on the respondent in such cases to sustain the action of the trial court. Pursuant to the provision of this rule, respondent filed the original brief in this court and also filed a reply brief to appellants' brief. This is the correct procedure. The motion for new trial in this case contained only three assignments. We, therefore, set them forth in full. They are as follows:

"1. That the court erred in admitting incompetent, irrelevant and immaterial evidence offered by claimants (exceptors) over the objection and exception of petitioner-district;

"2. That the verdict of the jury is the result of bias and prejudice in favor of claimants (exceptors) and against petitioner-district;

"4. (?) That claimants' (exceptors) damage as assessed by the jury are wholly unconscionable, excessive, unreasonable and without substantial support of the evidence in the case."

Respondent briefed only two points which are as follows:

"The verdict being against the weight of the evidence, the trial court had the exclusive right to grant respondent a new trial.

"The constant atttempt of appellants to inject the false issue as to the necessity and location of the levee into the case, thereby tending to prejudice the jury against respondent, when the only issue was that of the amount of appellants' damage, is sufficient to support the ruling of the trial court on respondent's assignment 'That the verdict of the jury is the result of bias and prejudice in favor of claimants (exceptors) and against petitioner-district'."

A brief statement of the evidence will suffice. The district contained a total of [112] over 5000 acres of land. Appellants owned 160 acres which was taken into the levee district. About 100 acres was high bottom and not subject to overflow. The other 60 acres was subject to overflow. The amount of land sought to be condemned was 9.07 acres and all of it was high bottom. The levee on appellants' land was to have a base of 65 feet and ranged from zero to 11 feet in height. The earth necessary to construct the levee was to be taken from appellants' land, creating what is commonly called a borrow pit. Appellants introduced evidence given by a number of farmers living in the neighborhood that the 9.07 acres to be taken was some of the best land of the farm; that the 100 acres had never been subject to a flood; also, that the proposed levee would not protect the 60 acres of low land against floods. These witnesses estimated the value of appellants' land to be about $200 per acre. Some witnesses placed the value higher and others lower. The witnesses for the district placed the value of the high land at $150 per acre and the low land at about $50 per acre. All witnesses agreed that the high land was not

subject to overflow. Appellants' witnesses testified that the market value of the land would be decreased about 50% by the construction of the levee. Their opinion was based on the theory that the levee would be of no benefit to appellants' land; that the 9.07 acres of the best land would be taken and the location of the levee would render the farm unsightly. The amount of the verdict of the jury was approximately one half of that which appellants' witnesses stated the damages were.

■ The record does not sustain respondent's contention that the verdict was against the weight of the evidence. In fact, the record justifies the assertion that the verdict was supported by the greater weight of the testimony. Furthermore, respondent's evidence in some respects gave support to appellants' theory.

■ The contention of respondent that the verdict of the jury was the result of bias and prejudice cannot, in view of this record, be sustained. We have reviewed the evidence as to the elements of damages. In addition to what was stated above, we add that five witnesses testified that the damages to the farm were from $16,000 to $18,000. Appellants did by a number of witnesses attempt to show that the levee could have been constructed along the public road. However, the trial court sustained every objection made by respondent to this line of evidence. The court also instructed the jury that the only question in the case was the amount of damages. The instructions were brief and to the point. Respondent made no complaint as to instructions. The engineer employed by respondent was called as a witness for appellants. He was asked if there was any reason that the levee could not be located along the road instead of on the Merrifield farm. No objection was made by respondent. The engineer explained that it was not practicable and enumerated varoius reasons to support his opinion. The engineer's reasons seem to us to have been sound and based on good judgment. This evidence was favorable to respondent. It was given by a man who was schooled on the subject matter and who had prepared the plans and specifications for the construction of the levee. It was the only evidence on the subject and was very favorable to the respondent-district. In view of the evidence, the amount of the verdict was not excessive. The contention that the verdict was the result of bias and prejudice cannot be sustained.

■ The case was well tried; the respondent-district was represented by able counsel. We have been unable to discover any valid ground on which the action of the trial court's granting a new trial can be sustained.

We have considered cases cited by respondent such as McCarty v. St. Louis Transit Co., 192 Mo. 396, 91 S. W. 132, l. c. 401; Best v. Equitable Life Assurance Society, 299 S. W. 118, l. c. 119; and Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. (2d) 297, l. c. 300.

These cases hold that an appellate court will be more liberal in upholding an order sustaining a motion for new trial than if the motion had been overruled. In other words this court will often sustain the action of the trial court in such cases even though this court might not have reversed [113] and remanded the case if the trial court had denied the motion. In each of the above cases the trial court specified the reason for granting a new trial. In the present case all we have is a blanket order granting a new trial. This order was made eighty-eight days after the motion was filed. In such circumstances it is just as logical for an appellate court to infer that the trial court did not have any definite reason for sustaining the motion as to infer that a good reason existed.

The action of the trial court's sustaining the motion for new trial is hereby set aside and the cause remanded to the court with directions to reinstate the verdict of the jury and to enter a judgment thereon as the date thereof.

It is so ordered. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.