NELLIE HAMMOND, (Plaintiff) Respondent, v. CROWN COACH COMPANY, a Corporation, (Defendant) Appellant, No. 43393—263 S. W. (2d) 362.

Division Two, January 11, 1954.

*Richard H. Beeson, David P. Dabbs* and *Dean F. Arnold* for appellant.

*Cyril G. Baucke* and *Walter J. Gresham* for respondent.

510

[redacted]

BARRETT, C.—On December 21st, 1949, Mrs. Nellie Hammond, now seventy-seven years of age, was a passenger on a Crown Coach Company bus en route from Rich Hill to Kansas City on U. S. Highway 71. The paved portion of the highway was eighteen feet wide and covered with ice. A short distance south of Peculiar the bus was proceeding in a northerly direction down a slight, icy grade. Three or four hundred feet away a Ford pickup truck pulling a two-wheeled house trailer, traveling in the opposite direction, also downgrade, met and passed a large tractor-trailer and the house trailer, probably due to the fact that its right wheel got off the pavement, began to weave and wobble on the icy highway. But, whatever the cause, in meeting and passing the bus, the left front of the two-wheeled house trailer struck the left front of the bus. The bus left the highway, crashed through a fence, and came to a stop in a field. Mrs. Hammond, who was sitting on the front seat on the right-hand side of the bus, was thrown to the floor and injured.

To recover $25,000 damages for her injuries Mrs. Hammond instituted this action against the Crown Coach Company and Mr. Raymond E. Thompson, of Houston, Texas, the owner of the house trailer and the driver of the Ford pickup. In her petition, as against the Crown Coach Company, Mrs. Hammond relied upon the relationship of passenger and carrier and the fact of the collision. As against Mr. Thompson she pleaded that the collision and her resulting injuries were due to the fact of his negligence in driving and operating his vehicles at an excessive rate of speed, failure to keep a proper lookout, and failure to operate his connected vehicles as close to the right-hand side of the highway as practicable. Briefly, in this connection, the coach company's witnesses testified that the house trailer was weaving, or swinging and whipping, as it met the bus. Mrs. Hammond testified

that the bus was traveling to the left of the center of the highway as it met the pickup truck and house trailer but several other witnesses testified that the bus was on the right side of the highway at all times. Upon the trial of the case Mrs. Hammond dismissed her action against Mr. Thompson. The bus company's liability and her right to recover were hypothesized and submitted upon a finding of the relationship of passenger and carrier, the fact of a collision and the bus leaving the highway, from which facts, the jury was told, "you may infer defendant was negligent, * * * and if you do find and believe from all the facts and circumstances in evidence that defendant was negligent and that plaintiff's injuries, if any, were directly caused by defendant's negligence, then your verdict shall be for plaintiff and against the defendant." The jury returned a verdict in favor of the defendant bus company. The trial court sustained the plaintiff's motion for a new trial and the defendant Crown Coach Company has appealed from the final order granting the new trial.

The merits of this appeal, unfortunately, turn upon the facts and circumstances concerning the granting of the new trial. The jury's verdict in favor of the coach campany was returned on May 15th, 1952. The plaintiff's conventional motion for a new trial was filed on the 24th day of May. The nine grounds set forth in the motion were: (1) the verdict is against the greater weight of the credible evidence, (2) the verdict of the jury was against the law and the evidence, (3) under the law and the evidence the verdict should have been for the plaintiff, (4) the verdict was the result of the jury disregarding and ignoring the evidence and the instructions of the court, (5) the court erred in admitting incompetent, irrelevant and prejudicial evidence, (6) the court erred in excluding competent, material and relevant evidence, (7) the court erred in refusing plaintiff's instruction three, (8) the court erred in giving instruction B, and (9) "The Court erred to the prejudice of the plaintiff in giving Instruction No. A at the request of the defendant and over the objections and exceptions of the plaintiff, who then and there objected and excepted to the giving of said Instruction No. A and plaintiff still objects and excepts." On the 15th day of August, 1952, the trial court sustained the motion by this order, "Now on this day plaintiff's motion for new trial heretofore heard by the court and taken under advisement, the court now being fully advised in the premises, said motion for a new trial is by the court sustained." Thereafter, on the same day, the trial judge "filed in said cause" a six page "*Findings Of Fact And Opinion.*" On the same day the coach company filed its notice of appeal "from the order sustaining plaintiff's motion for a new trial."

Even though the court's order granting the new trial failed to specify the ground or grounds upon which it was granted, the appellant coach company did not elect, "before the time required for

filing the transcript on appeal," to serve a statement upon the respondent and require her to prepare the original brief. Supreme Court Rule 1.10; Missouri Crooked River Backwater Levee Dist. v. Merrifield, 358 Mo. 915, 218 S. W. (2) 110. Instead, the coach company has perfected its appeal, filed a complete transcript of the record, including the "Findings Of Fact And Opinion," and has filed the "original brief" in which it has briefed and argued all the assignments or grounds set forth in the plaintiff's motion for a new trial and pointed out, in view of the order appealed from, that there was no "positive error of law" and, therefore, the order granting the new trial could not be sustained. The respondent, in her brief, seeks to support the correctness of the court's order by demonstrating (Goodman v. Allen Cab Co., 360 Mo. 1094, 1097, 232 S. W. (2) 535, 537) that the giving of instruction A was prejudicial error and a sufficient ground for the court's granting the new trial. In so contending the respondent points to the court's finding of fact and opinion and insists that it demonstrates, despite the order, that the court granted the new trial upon the discretionary ground that instruction A, in the circumstances of this case, was confusing and misleading. The appellant insists, since the order granting the new trial failed to "specify of record the ground or grounds on which said new trial is granted" (V.A.M.S., Secs. 510.330, 510.370), that the trial court's finding of fact and opinion is not properly a part of the record and may not be looked to for the purpose of sustaining the court's order and, furthermore, does not sustain the court's order.

In Sawyer v. Winterholder, (Mo.) 195 S. W. (2) 659, Burr v. Singh, 362 Mo. 692, 243 S. W. (2) 295 and Mary Potter Love, Inc., v. Medart, (Mo. App.) 198 S. W. (2) 386, there were jury verdicts in favor of the defendants. In each of those cases the trial courts entered *orders* sustaining the plaintiffs' motions for new trial upon the specified grounds that the verdicts were "against the weight of the evidence," or in the Medart case "on first ground thereof," which contained the specification that the verdict was against the weight of the evidence. In each of those cases the trial judges dictated memorandum opinions explaining or setting forth their reasons for granting the new trials. In every one of those instances the defendants seized upon the memorandums and urged that they demonstrated as a matter of fact that the court had not granted or sustained a motion for new trial upon the discretionary ground specified in the order that the verdict was against the weight of the evidence but upon some nondiscretionary or erroneous ground. For example, in the Sawyer case it was claimed that the memorandum demonstrated that the trial court had in fact sustained the motion upon the erroneous assumption that the defendant's evidence was contrary to the physical facts. But in each of those cases the defendants were not permitted to resort to the court's memorandum for the purpose of demonstrating that the court had in

fact granted the new trial upon some ground other than that specified in the court's order. It was pointed out in those cases that the trial court's "order" (V.A.M.S., Sec. 510.330) was the sole and only official repository for the court's grounds, thoughts or reasons for sustaining a motion for a new trial. Those cases, as well as this one, were not court tried cases and there were no requests for a statement of the grounds for the courts' decisions (V.A.M.S., Sec. 510.310(2)) and no reasons for the courts' doing so. In any event, in those cases, it was held that the memorandums did not and could not have the effect of changing the meaning of the courts' unambiguous orders. In this connection it may be noted that the basic after trial motion is the motion for a new trial which when disposed of by the court's official order makes the judgment against which it is directed final. Hughes v. St. Louis Nat. League Baseball Club, Inc., 359 Mo. 993, 996, 224 S. W. (2) 989, 991.

In Donati v. Gualdoni, 358 Mo. 667, 216 S. W. (2) 519, the trial court granted a new trial in a will contest, specifying in its order "Ground No. 10" of the motion for a new trial. This court resorted to the specification in the motion for a new trial to determine that a new trial had been ordered upon a discretionary ground, that the judgment had been influenced by the false testimony of one of the plaintiff's witnesses. The trial judge had also prepared and filed a "memorandum" which was not included in the transcript and the respondent sought to correct the transcript so as to include the memorandum. The memorandum was not deemed essential to a determination of the appeal and the "record entry" was considered as "the sole repository of the recital of the specification of ground upon which the trial court sustained the motion." In Ponyard v. Drexel, (Mo. App.) 205 S. W. (2) 267, there was a verdict for the plaintiff, a pedestrian struck by an automobile. The trial court, in sustaining the defendant's motion for a new trial, specified in its order that "it was prejudicial error to give and read to the jury the humanitarian instruction requested by plaintiff referred to in defendant's motion for a new trial." The trial court also prepared and filed a "memorandum" and both the appellant and the respondent resorted to it, one claiming that the memorandum demonstrated that the new trial had been granted on a discretionary ground and the other claiming that it had been granted on a nondiscretionary ground. The court of appeals recognized and restated the rule set forth in Sawyer v. Winterholder, supra, and said, l.c. 270, "—while *a memorandum*, or the oral statement of the judge, *may not be used to dispute or as a substitute for a record entry* showing the ground or grounds upon which a new trial was granted, it does not follow that an appellate court is in all events precluded from considering such memorandum or oral statement in determining precisely why the new trial was allowed. On the contrary, the filing of memorandum opinions is

invariably encouraged and commended; and *where the record entry is ambiguous, uncertain, or incomplete, an appellate court may properly look to an accompanying memorandum* (especially if referred to in the record entry), or to the contemporaneous oral statement of the judge, *in so far as the same may throw light upon the view the court took of the case during its progress and at the time of its action in granting the new trial.* This in accord with the settled principle that extraneous matters may be considered for the purpose of explaining or supporting a record entry, but not to oppose or contradict it.'' The court of appeals then resorted to the memorandum and found that the ''obscure'' order had·been granted upon a·discretionary ground. In Stark v. St. Louis Public Service Company, (Mo. App.) 211 S. W. (2) 500, there was a verdict for the plaintiff and the trial court entered an order sustaining the defendant's motion for a new trial ''upon the 10th, 13th and 15th grounds'' of the motion. The court of appeals resorted to the trial court's memorandum and found that the trial court had erroneously granted a new trial upon the specified grounds. As to the memorandum the court said, l.c. 503, ''While the record entry sustaining the motion is the sole repository for the recital of the grounds which prompted the court's action, we are nevertheless permitted to look to the accompanying memorandum in so far as it may throw light upon the court's view of the case at the time the motion was sustained. *However the qualification is always to be observed that such a memorandum may be availed of only for the purpose of supporting or explaining the record entry, and not for the purpose of countervailing or disputing what the record entry actually recites.''*

In this case the ''Findings Of Fact And Opinion'' sets forth the nature of the action, the pleadings, the fact of allegations of specific negligence as to Mr. Thompson, the dismissal of the action as to him, the verdict, and the filing of the motion for a new trial. The testimony of the witnesses is set forth and summarized, the instructions are summarized and instructions A and B are set forth in full. Argument of counsel is discussed and, while not assigned as a ground for granting a new trial, the court says, ''The argument of the defendant to the jury was in effect that the sole cause of the injury to plaintiff was specific negligence of the defendant Thompson. And that no negligence had been shown as to the driver of the bus.'' In this connection the court pointed out, ''Although no assignment of error that the court failed to properly instruct the jury was preserved,'' the court thought it had erred ''in its failure to require a proper submission of the case by the attorneys and in failing to prepare necessary instructions upon such failure of the parties.'' This statement seems to refer to Mr. Thompson's negligence, and the necessity of instructions upon the subject of concurrent negligence and sole cause. The court then states that Instruction A ''comes directly under the criticism of

the Supreme Court'' in Winston v. Kansas City Public Service Company, (Mo.) 249 S. W. (2) 377, Duncan v. St. Louis Public Service Company, 355 Mo. 733, 197 S. W. (2) 964 and Harke v. Haase, 335 Mo. 1104, 75 S. W. (2) 1001. In conclusion, the court found that the giving of instruction A was erroneous and, in all the circumstances the error was accentuated by the giving of instruction B on the credibility of the witnesses, and ''that in this res ipsa loquitur case the reference to 'charge of negligence' in Instruction A and the use of the term 'defendant is not required to disprove plaintiff's charge' is confusing and misleading because there is technically no specific charge of negligence made by plaintiff, and under all the pleadings, instruction, arguments and facts in this case plaintiff was deprived of legitimate inferences to which she might be entitled and the result is positive error, misdirection and non-direction highly prejudicial to the plaintiff.''

With deference to the experience and contrary views of others (Ponyard v. Drexel, 205 S. W. (2), l.c. 270), and to the good intentions of the trial court, it is submitted that the memorandum involved here and the variety of problems created by their use in the cases previously noted plainly demonstrate the futility of ''memorandums'' as an aid or substitute for the very simple requirement that ''Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted.'' V.A.M.S., Sec. 510.330. Compliance with the requirement is such a simple matter that the practice of memorandums is certainly to be discouraged or given official recognition and standing instead of the required order. It may appear harsh to litigants to insist upon technical compliance with the statutory requirement, but compliance certainly avoids confusion. In this case compliance with the statute would have simplified the appeal, and it might have obviated an appeal at all. The difficulty with resorting to the memorandum in this case is that the order granting the new trial fails to specify ''the ground or grounds'' upon which it was granted and the presumption is that the trial court ''erroneously granted the motion for new trial.'' Supreme Court Rule 1.10. As to the claim that the motion was sustained upon some discretionary ground, as indicated by the memorandum, no such ground was specified in the order. The consequence is that ''it shall never be presumed that the new trial was granted on any discretionary grounds.'' Supreme Court Rule 1.10; Warren v. Kansas City, (Mo.) 258 S. W. (2) 681, 683. The order is unambiguous, it plainly grants a new trial without specification of grounds, and resort to the memorandum for the purposes urged by the respondent would not ''support'' or ''explain'' the order but would ''countervail'' or ''dispute'' the order. Ponyard v. Drexel, supra; Stark v. St. Louis Public Service Company, supra; Donati v. Gualdoni, supra.

■ Mrs. Hammond had the right and election to dismiss her action against Mr. Thompson and she may have done so for a number of reasons, or for no reason at all, but the fact that she did so did not deprive the bus company of its defenses or of the right to show that the company and its driver were not in fact negligent. Montgomery v. Ross, (Mo.) 218 S. W. (2) 99, 102-103. In that connection, it might be added, the company was entitled to draw and argue any inferences from the evidence favorable to its defenses and demonstrating non-liability. Neither the plaintiff nor the defendant offered any instructions delimiting the issues, but the plaintiff was not misled or deceived, she simply elected to submit her case against the bus company upon res ipsa loquitur, and in so doing her counsel, in argument, called to the jury's attention the evidence indicating specific negligent conduct. The only instructions given were the plaintiff's principal instruction, an instruction on the measure of damages, instruction A on the burden of proof and instruction C on credibility. Plaintiff's refused instruction 3 was on the degree of care required of a carrier of passengers. In short, all the circumstances of this record considered, it is not demonstrable that the plaintiff did not have a fair trial, upon her own terms, consequently there is no manifest injustice (Supreme Court Rule 3.22) in declining to resort to the memorandum in explanation of an order which fails to comply with the statutory requirement and the officially recognized, prevailing practice. Sawyer v. Winterholder, supra; Burr v. Singh, supra; Mary Potter Love, Inc., v. Medart, supra.

Instruction A is inartfully drawn and does not precisely fit a res ipsa loquitur submission, but a burden of proof instruction is not inappropriate or improper in a res ipsa loquitur case. Cooper v. 804 Grand Bldg. Corp., (Mo.) 257 S. W. (2) 649; Winston v. Kansas City Public Service Co., (Mo.) 249 S. W. (2) 377; Harke v. Haase, 335 Mo. 1104, 75 S. W. (2) 1001. In the view we have taken of the appeal the new trial was not granted on a discretionary ground, and the giving or refusal of instruction A may have been in the court's discretion but the instruction is not patently erroneous as a matter of law (Warren v. Kansas City, supra) and the court did not prejudicially err in giving the instruction in this instance. Duncan v. St. Louis Public Service Co., 355 Mo. 733, 197 S. W. (2) 964.

■ The respondent filed a motion to dismiss this appeal for the reason that the appellant, in violation of Supreme Court Rule 1.08, has not made a fair and concise statement of the facts in its brief. The respondent declined to supplement the statement but her counsel's principal objection is that "The statement merely gives a general outline of the pleadings and recites the testimony of each witness separately without giving a short and concise statement of the matters involved in the trial and upon the appeal." The appellant's statement is not a model but it does not so offend against the rule (Page v.

Laclede Gas Light Co., (Mo.) 245 S. W. (2) 23) as to compel the dismissal of the appeal, and the motion is overruled. Jackson v. Thompson, 358 Mo. 1001, 218 S. W. (2) 97; See v. Wabash R. Co., 362 Mo. 489, 242 S. W. (2) 15.

For the reasons indicated the order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and judgment in favor of the appellant. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.