William McCORD, Rimmer Moss, O'Della Moss and Joseph Moss, Respondents,

v.

MISSOURI CROOKED RIVER BACKWATER LEVEE DISTRICT OF RAY COUNTY, Missouri, Appellant.

No. 45187.

Supreme Court of Missouri.

Division No. 2.

Nov. 12, 1956.

Wm. T. Thompson, Richmond, for appellant.

Wilson D. Hill, Richmond, for respondents.

STOCKARD, Commissioner.

On application of Missouri Crooked River Backwater Levee District of Ray County, Missouri, appellant herein, three commissioners were appointed by the Circuit Court of Ray County to assess the benefits and damages accruing to each tract of land in the levee district by reason of carrying out and putting into effect a proposed plan for reclamation. Land owned by the respondents was assessed benefits in the amount of $2,988, and $601.40 was awarded as damages for the proposed taking of 7.29 acres of land. Respondents filed exceptions to the commissioners' report, but these exceptions have not been disposed of. The levee district has not, since the filing of the report of commissioners on August 21, 1947 with the Clerk of the Circuit Court of Ray County, paid any of the landowners, including respondents, for the land proposed to be taken by condemnation.

On December 9, 1954 respondents filed with the Clerk of the Circuit Court of Ray County what they denominated a "Motion to abate all proceedings as to the taking of exceptors' property at the cost of said district and suit to quiet title to real estate owned by said exceptors." The facts as above briefly outlined were alleged in "Count I" of the motion, and the circuit court was requested to "dismiss all proceedings as to the taking of exceptors' property for right of ways" pursuant to Section 245.145 (all statutory references are to RSMo 1949, V.A.M.S.) which, among other things, provides that "if the sums awarded

be not so paid within five years from the date of filing the commissioners' reports, all proceedings as to the taking of such property for right of ways and other works not so paid for shall abate at the cost of said district." In what is designated as "Count II" of the motion, respondents alleged facts purporting to show that the assessments against their land contained in the commissioners' report are no longer valid liens, and it was prayed that the circuit court so decree.

A motion by the levee district, to dismiss respondents' motion to abate and quiet title for the reason that the provision in Section 245.145 limiting the period in which payment must be made is unconstitutional, was overruled by the trial court. The levee district then filed an "Answer" in which it preserved the objection that the referred to provision of Section 245.145 is unconstitutional. A trial on the issues thus drawn was held and at the conclusion thereof the trial court entered its "Judgment and Decree" abating all proceedings "as to the taking of exceptors' property described in the commissioners' report," and decreeing that certain land of respondents as described in Count II of the motion "is free and clear of any purported lien or assessment of benefits against the same by reason of the said commissioners' report." It is from this judgment and decree that the present appeal has been taken.

■ Appellant contends that the part of Section 245.145 providing that all proceedings shall abate if payment is not made within the specified time is unconstitutional because the title of the act contained no reference to a statute of limitations. The trial court entered its "Judgment and Decree" upon the ground that the provision pertaining to the period of limitation applied to the time of filing the commissioners' report in the office of the circuit clerk and that the provision was valid and constitutional. It appears from the record that the challenge of the constitutionality of the

limitation provision was not a fictitious one; that it was fairly and in good faith presented to the trial court; and that it is now properly before us for consideration. Therefore, this court has jurisdiction and retains it even though, in the final disposition of the case, we find it unnecessary to decide this question. Haley v. Horjul, Inc., Mo.Sup., 281 S.W.2d 832; Skinner v. St. Louis, Iron Mountain & Southern Railway Co., 254 Mo. 228, 162 S.W. 237; Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94, 98.

Section 245.120 provides that the commissioners shall prepare their report in a specified form, and when signed by at least a majority of the commissioners, it shall be "filed in the office of the circuit clerk". After notice of the filing of the report any owner of land in the district may file exceptions thereto. Section 245.130 provides that "All exceptions shall be heard by the court and determined in a summary manner so as to carry out liberally the purposes and needs of the district, and if it appears to the satisfaction of the court, after having heard and determined *all of said exceptions,* that the estimated cost of constructing the improvement contemplated in the plan for reclamation is less than the benefits assessed against the land and other property in said district, then the court shall approve and confirm said commissioners' report as so modified and amended. *The court* shall adjudge and apportion the costs incurred by the exceptions filed and *shall condemn any land or other property,* within or without the boundary lines of the district, that is shown by the report of the commissioners to be needed for right of ways, holding basins and other works, or that may be needed for material to be used in constructing said works, * * *." (Italics added.) A copy of this decree, and a copy of the commissioners' report, as amended and confirmed by the court, are then to be filed with the recorder of each county in which there are lands affected by the report. Until this is done the levee district cannot levy a tax or sell bonds to obtain money to pay the just

compensation for the taking of land. See Sections 245.180 and 245.230.

Chapter 245 presents a complete plan for the organization, financing and operation of a levee district. This includes the procedure to be used in condemning land necessary for the construction of the improvements. It is specifically provided in Section 245.130 that the condemnation of lands for the levee district does not take place until "all exceptions shall be heard by the [circuit] court and determined * * *, and it appears to the satisfaction of the court, after having heard and determined all of said exceptions, that the estimated cost of constructing the improvement contemplated in the plan for reclamation is less than the benefits assessed against the land and other property in said district". Therefore, there has as yet been no condemnation of respondents' land.

■ In view of the special procedure provided by Chapter 245, does the "date of filing the commissioners' reports," as this term is used in Section 245.145, have reference to the date of filing in the office of the circuit clerk or to the date of filing in the office of the county recorder? The primary rule in statutory construction is to ascertain and give effect to the legislative intent. State on Information of Dalton v. Miles Laboratories, Inc., Mo.Sup., 282 S.W.2d 564. The entire legislative act must be considered together and all provisions must be harmonized, if reasonably possible, and every word, clause, sentence, and section of an act must be given some meaning unless it is in conflict with the legislative intent. State ex rel. McKittrick v. Carolene Products Co., 346 Mo. 1049, 144 S.W.2d 153. If we assume that the term "date of filing" as it appears in Section 245.145 refers to the filing in the office of circuit clerk, we have the untenable situation whereby a levee district may have its proceedings abated, as in this particular case, because it has not paid in cash the just compensation for lands contemplated to be but not yet condemned.

In addition, until the lands are condemned and the necessary preliminary steps (including the filing of the "copy of the commissioners' report, as confirmed or amended by the court") required by Section 245.130 have occurred, the levee district is not authorized to obtain any funds by taxation or by the issuance of bonds for the purpose of paying the just compensation for lands taken by condemnation. When we take into consideration the special procedure contemplated by Chapter 245, and particularly the specific provisions of Section 245.130, we cannot escape the conclusion that the "proceedings as to the taking of such property for right of ways and other works" are not subject to being abated by reason of Section 245.145 until "the sums awarded be not so paid within five years from the date of filing the commissioners' reports" in the office of the recorder as required by Section 245.130. This interpretation harmonizes the various sections and provides a workable plan consistent with the apparent intent and purpose of Chapter 245.

Although we would be called upon to rule on the challenge of appellant to the constitutionality of the provision in Section 245.145 pertaining to the five-year limitation if we determined that the provision had reference to the date of filing the commissioners' report in the office of the circuit clerk, we need not in this case rule on this question because, by reason of the facts presented and our interpretation of the statute, not only has the period of limitation not run, it has not yet started. Therefore, the trial court erred in abating the proceedings pursuant to Section 245.145.

Count II of respondents' motion purports to constitute a separate suit to quiet title. No objection was made to this rather unique procedure of incorporating a separate suit to quiet title as a "count" in a motion filed in a proceeding governed by Chapter 245 which is "a code within itself." City of Hardin v. Norborne Land Drainage Dist. of Carroll County, 360 Mo. 1112, 232 S.W.2d 921, 924. There is no provision in

Chapter 245 authorizing such a procedure, but the result we reach makes unnecessary further comment.

■ Count II incorporates by reference all the allegations of Count I, and then alleges that the levee district has in fact made a change in the plan of reclamation without complying with Section 245.140. This contention is based on the following facts. The original plan for reclamation prepared by the engineer of the levee district and approved by the board of supervisors provided for a levee to be constructed over the land of Charles T. Merrifield who filed exceptions to the report of commissioners. His exceptions were tried to a jury resulting in an award for the taking of his land of more than $9,000. This award was affirmed on appeal. Missouri Crooked River Backwater Levee Dist. of Ray County v. Merrifield, 358 Mo. 915, 218 S.W.2d 110. The levee district then elected to abandon the condemnation and filed an instrument in writing to this effect pursuant to Section 523.040.

We cannot determine from the record if the trial court entered its judgment on Count II because it was of the opinion that all the proceedings were abated pursuant to Section 245.145, or if the trial court was of the opinion that the original assessments of benefits are now void because the levee district had changed its plan of reclamation, or for both reasons. As previously stated, the proceedings had not abated, and we are of the opinion that the election, and nothing more, to abandon the condemnation proceeding as to the Merrifield tract did not result in a change of the plan for reclamation as contemplated by Section 245.140. The official and only approved plan for reclamation of the levee district has not been changed. The evidence shows that the levee district is still attempting to obtain the right of way on a negotiation basis from Mr. Merrifield, and it does not indicate that there is no possibility of doing so. In addition, when a change in the plan for reclamation is approved by the circuit court, the court shall not appoint commissioners to make assessments when the benefits and damages have been assessed on the land remaining in the district and when the court finds that the benefits and damages will not be altered by the change. See paragraph 5 of Section 245.140. We need not now decide whether a change in the plan for reclamation within the contemplation of Section 245.140 would result if the levee district elected to locate that part of the levee designated to be on the Merrifield land at some place not precisely where now shown in the plan. If that question is presented for judicial determination, there should be more evidence bearing on the question than in the record now before us.

■ One other matter deserves comment. The judgment of the trial court that the respondents' land is "free and clear of any purported lien" by reason of the commissioners' report as an abstract statement of law is technically correct. But it wrongfully assumes that the assessment of benefits in the commissioners' report without the approval of that report by the circuit court and without the levy of any taxes pursuant thereto constitutes a lien on respondents' land, and respondents, in their brief, take the position that they are seeking to remove a tax lien. Section 245.215 provides that "all levee taxes" shall constitute a lien from the date of filing the prescribed certificate, but the assessments of benefits in the commissioners' report under the circumstances here does not constitute a lien. However, the judgment pertaining to Count II purports to declare that the assessment of benefits as to respondents' land contained in the commissioners' report under the circumstances of this case, is void either because the proceedings have abated or because there has been a change in the plan for reclamation, and therefore the judgment is erroneous.

The judgment of the trial court is reversed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.