**Mildred Y. DAVIS et al., Appellants,**

v.

**A. J. JACKSON et al., Respondents.**

**No. 41600.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Frank B. Green, St. Louis, for appellants.

Sam P. Rynearson, Gerre S. Langton, St. Louis, for respondents.

REINHARD, Presiding Judge.

Plaintiff Mildred Davis brought this suit to recover for injuries she sustained when a porch on which she was standing collapsed. Her husband, Lazrus Davis, sued for loss of consortium in a separate count. Plaintiffs pleaded their causes of action under the res ipsa loquitur doctrine. At the close of plaintiffs' evidence, the trial court directed a verdict in defendants' favor. Plaintiffs appealed. We affirm.

Plaintiffs went to defendants' dwelling on June 25, 1979 to attend a wedding ceremony. Plaintiffs had apparently been invited to attend the wedding by Margaret Williams, the groom's mother, and their next door neighbor. After they arrived at defendants' home, Mrs. Davis and Mrs. Williams went inside the house. Sometime later, the house became crowded and Mrs. Jackson suggested to Mrs. Davis and Mrs. Williams that they might want to step out onto the rear porch. Five other people, including Mrs. Davis, were on the porch. There was no unusual conduct on the porch (jumping or scuffling) which might have caused it to collapse. After being on the porch some fifteen or twenty minutes, Mrs. Davis heard a loud cracking sound and the porch collapsed falling a distance of approximately ten or fifteen feet. Mrs. Davis landed on her back and side injuring herself. Mrs. Williams landed on top of Mrs. Davis.

At the close of plaintiffs' evidence, the court granted defendants' motion for a directed verdict. The court found as a matter of law that there was "no evidence that defendants had any knowledge there was any kind of defect in [the] porch and home to cause the injury."

On appeal, in deciding whether the trial court erred in sustaining defendants' motion for a directed verdict, we review the evidence in the light most favorable to the plaintiffs, giving plaintiffs the benefit of all

reasonable, favorable inferences to decide whether a submissible case was made. *Langton v. Brown*, 591 S.W.2d 84, 86 (Mo. App.1979).

The parties agree that plaintiff was a licensee under Missouri law and the sole question is whether res ipsa loquitur supplies the elements necessary to make a submissible case.

The duty of care owed by a possessor of land to a licensee will depend upon the circumstances. As to *activities* conducted on the premises, the possessor owes a licensee whose presence is known a duty of reasonable care—the same duty owed to an invitee and a trespasser whose presence is known. *Cunningham v. Hayes*, 463 S.W.2d 555, 559 (Mo.App.1971). As to the *conditions* on the land, however, the injured person's status becomes important. The possessor of land owes a duty to a licensee to exercise reasonable care with respect to a dangerous condition—by either making the condition reasonably safe or by warning the licensee—but only if the possessor knows that the condition exists and is unreasonably dangerous and has reason to believe the licensee will not discover the danger. *Wells v. Goforth*, 443 S.W.2d 155, 158 (Mo.banc 1969), adopting Restatement of Torts, § 342 (1934).

Therefore, it is clear in this case that the Jacksons owed no duty to Mrs. Davis with respect to the porch, unless they knew of its dangerous condition. Proof of this knowledge is the element of the case which the trial court found to be missing. Plaintiffs argue that this element may be supplied inferentially through the doctrine of res ipsa loquitur.[1]

Res ipsa loquitur is a rule of circumstantial evidence peculiar to the law of negligence which pertains to the proof of a negligent act or omission. *Belding v. St.*

*Louis Public Service Co.*, 215 S.W.2d 506, 509 (Mo.banc 1948). When an occurrence does not ordinarily happen if reasonable care is exercised, the doctrine allows the inference to arise, upon proof of the occurrence, that the defendant did not exercise reasonable care. *McCloskey v. Koplar*, 329 Mo. 527, 533, 46 S.W.2d 557, 559 (banc 1932)[2]. The inference is thus limited to the facts necessary to establish a lack of reasonable care in the act or omission complained of.

The lack of reasonable care in a negligent act, and the duty of care owed, are two separate, and essential, elements of any cause of action in negligence. "[I]n order to impose liability there must not only be a lack of care, but such lack of care must involve a breach of some duty owed to another under the particular circumstances existing at the time of the act or omission complained of . . . ." *Kelley v. National Lead Co.*, 240 Mo.App. 47, 59, 210 S.W.2d 728, 734 (1948); *Graham v. Conner*, 412 S.W.2d 193, 201 (Mo.App.1967).

Res ipsa loquitur cannot be used to inferentially supply the factual elements required to show that a duty was owed.

Res ipsa loquitur leads only to the conclusion that the defendant has not exercised reasonable care and is not in itself any proof that he was under a duty to do so. Thus, a trespasser or a licensee injured by the conditions of the premises may still have no right to recover even though the facts speak for themselves.

Prosser, *Law of Torts* (Hornbook Series, 4th Ed., page 226). *See also Szafranski v. Radetzky*, 31 Wis.2d 119, 141 N.W.2d 902, 23 A.L.R.3d 1071, 1083 (1963).

We find no case wherein an appellate court has held that the res ipsa loquitur doctrine applied to a case involving a licensee who was injured upon the premises as a result of a defective condition in the ab-

---

1. We agree that a possessor's knowledge may be proved by circumstantial evidence, *Wells v. Goforth*, 443 S.W.2d 155, 158 (Mo.banc 1969).

2. Other conditions for the application of the doctrine are that the instrumentalities involved were under the management and control of the defendant and that the defendant possesses superior knowledge or means of information as to the cause of the occurrence. *McCloskey v. Koplar*, 329 Mo. 527, 533, 46 S.W.2d 557, 559 (banc 1932).

sence of some evidence of knowledge of the condition by the landowner. Plaintiffs cite to us numerous cases wherein the Missouri courts have approved the application of the res ipsa loquitur doctrine.[3] These cases either involve negligent activities (as opposed to conditions on land) or involve invitees, and are not authority for us here.

We agree with the trial court that the plaintiffs failed to make a submissible case. There was no evidence either direct or circumstantial that the defendant had knowledge of a defective condition in the porch. In the absence of evidence of knowledge of the defect by the possessor, there was no evidence of a duty to warn of the unsafe condition and plaintiffs' causes of action must fail.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

**3.** *Parlow v. Carson–Union ·May–Stern Company*, 310 S.W.2d 877 (Mo.1958); *Herries v. Bond Stores, Inc.*, 231 Mo.App. 1053, 84 S.W.2d 153 (1935); *Littlefield v. Laughlin*, 327 S.W.2d 863 (Mo.1958); *Parlow v. Dan Hamm Drayage Co.*, 391 S.W.2d 315 (Mo.1965); *City of Kennett v. Akers*, 564 S.W.2d 41 (Mo.banc 1978); *McClos-key v. Koplar*, 329 Mo. 527, 46 S.W.2d 557 (banc 1932); *Barb v. Farmers Insurance Exchange*, 281 S.W.2d 297 (Mo.1955); *Pollard v. J. J. Newberry Co.*, 228 S.W.2d 398 (Mo.App. 1950); *State ex rel. Stein v. Becker*, 334 Mo. 749, 67 S.W.2d 755 (1934); *Keady v. Stix Baer & Fuller Co.*, 15 S.W.2d 379 (Mo.App.1929).